ANNIE E. BRONSON *vs.* THE BOROUGH OF WALLINGFORD.

New Haven Co., Dec. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The statute (General Statutes, p. 233, sec. 16,) provides that persons authorized to repair highways may make water courses, where necessary, to draw off the water from the highway upon the adjoining land; a later statute (Acts of 1881, ch. 65,) providing that it shall be so done as to cause the least damage and that the water shall not be discharged

into any door-yard or enclosure for storage or sale of merchandise. Held that municipal corporations, so long as their acts are kept within the authority of the statute, are not liable for the damage done to such adjoining land by the water turned upon it.

And independently of the statute, since such corporations are required by law to construct and repair their highways, they would not be liable for the damage done by such acts, so long as no wanton or unnecessary damage was done, and they were not guilty of negligence in causing the damage.

In an action for damage done by such acts the special facts which show that the acts were not justifiable must appear in the complaint.

[Argued December 8th, 1886—decided February 18th, 1887].

ACTION for an injury to the land of the plaintiff by the turning of water and sewage from the street upon it; brought to the Superior Court in New Haven County, and reserved, upon a demurrer to the complaint, for the advice of this court. The case is fully stated in the opinion.

*J. W. Alling*, in support of the demurrer.

1. Municipal corporations in the discharge of a governmental duty are exempt from responsibility for the acts of their agents, unless such liability is imposed by statute, and to the extent only of such statutory liability. *Jones* v. *City of New Haven*, 34 Conn., 13; *Judge* v. *Meriden*, 38 id., 90; *Hewison* v. *City of New Haven*, id., 136, 139; *S. C.*, 37 id., 482; *Torbush* v. *City of Norwich*, 38 id., 228; *Jewett* v. *City of New Haven*, id., 372; *Mead* v. *City of New Haven*, 40 id., 74; *Fellowes* v. *City of New Haven*, 44 id., 240; *Cooney* v. *Hartland*, 95 Ill., 516.

2. The repair of highways is everywhere regarded as a governmental duty. *Chidsey* v. *Town of Canton*, 17 Conn., 478; *Weed* v. *Borough of Greenwich*, 45 id., 170, 182. "In all civilized countries the duty of providing safe and convenient highways to facilitate trade and communication between different parts of the state or community, is considered a governmental duty." *Chicago &c., R. R. Co.*, v. *Att'y Gen.*, 9 West. Jour., 347; 2 Morawetz on Corp., 1073.

3. The repair of highways is cast upon the boroughs not as a privilege—not because it is sought for, but because it is the general law of the state that boroughs should be respon-

sible for the repair of highways within their limits. *Hill* v. *City of Boston*, 122 Mass., 379. The case of *Weed* v. *Borough of Greenwich*, supra, turned upon the point, that the act done in that case was done under the special powers and privileges conferred by the borough charter, and that the governmental duty of repairing highways was, whether correctly or not, supposed to be upon the town. But the duty of repairing highways is no less of a governmental character, though imposed upon the borough by its charter as well as by general law. The burden of this duty was upon this borough before these provisions in its charter, which have not, in this regard, made that duty more onerous. *Hill* v. *City of Boston*, supra; *Mead* v. *City of New Haven*, supra.

4. The acts of the borough complained of were authorized by statute. An ancient statute provided that "persons authorized to repair highways may make or clear any water course, or place for draining off the water therefrom, into or through any person's land, so far as necessary to drain off such water." Gen. Statutes, p. 233, sec. 16. This statute was amended in 1881 so as to read as follows: "Persons authorized to construct or repair highways, may make or clear any water course, or place for draining off the water therefrom, into or through any person's land, so far as necessary to drain off such water and when it shall be necessary to make any drain upon or through any person's land, for the purpose named in this act, it shall be done in such way as to do the least damage to such land; provided nothing in this act shall be so construed as to allow the drainage of water, from such highways, into or upon any door-yard, in front of any dwelling house, or into or upon yards and inclosures used exclusively for the storage and sale of goods and merchandise." This statute justifies the acts of the borough, it not being charged or claimed that the borough was guilty of any negligence in the matter, or that the exceptions of the statute apply to the case.

*W. L. Bennett*, contra.

1. "A person has no right, by grading the surface of his land, to turn the surface water which ordinarily falls upon or flows over it, upon the adjoining land of another." *Adams* v. *Walker*, 34 Conn., 466. "A municipal corporation has no greater right than an individual to collect the surface water from its lands and streets into an artificial channel, and to discharge them upon the lands of another." *Byrnes* v. *Cohoes*, 67 N. York, 204; *Noonan* v. *Albany*, 79 id., 470; *Field* v. *West Orange*, 36 N. Jer. Eq., 118; *West Orange* v. *Field*, 37 id., 600; *Manning* v. *Lowell*, 130 Mass., 21; *Brayton* v. *Fall River*, 113 id., 226; *North Vernon* v. *Voegler*, 89 Ind., 77; *Crawfordsville* v. *Rand*, 96 Ind., 236; *Arn* v. *Kansas*, 14 Fed. Rep., 236; *Inman* v. *Tripp*, 11 R. Isl., 520; *Ashley* v. *Port Huron*, 35 Mich., 296. This proposition of law is well established in other states. It was, however, urged in the court below that the injuries complained of must have been caused by servants of the borough in the performance of a public duty, and that for the consequences of such acts the law is so in this state that the defendant is not liable. But it has been directly decided upon a state of facts almost identical with that set up in the complaint, that a municipality is not exempt from those liabilities for malfeasance for which individuals and private corporations would be liable in a civil action by the party injured. *Danbury & Norwalk R. R. Co.* v. *Norwalk*, 37 Conn., 119; *Weed* v. *Greenwich*, 45 id., 170; *Mootry* v. *Danbury*, id., 550. In the last case the court lay down this proposition, (p. 556:) "A principle of universal application, that every man shall transact his lawful business in such a manner as to do no unnecessary injury to another, compels towns to do what they are required to do in a proper manner. In other words, towns will not be justified in doing an act, lawful in itself, in such a manner as to create a nuisance, any more than individuals; and if a nuisance is thus created, whereby another suffers damage, towns, like individuals, are responsible." The court also hold (p. 557) that there is nothing in the opinion in the case of *Judge* v. *Meriden*, 38 Conn., 90, inconsistent with

this view. See also *Healey* v. *New Haven*, 47 Conn., 314; *Morse* v. *Fair Haven East*, 48 id., 222.

2. This case, however, need not be governed by the rule of liability applicable to towns. By an act revising and amending its charter, passed in 1881, the borough of Wallingford is given special powers to lay out drains and sewers in the borough. Special Acts of 1881, p. 116, §§ 30, 32, 33. Its charter is its only authority. The duty to lay out such drains is not, strictly speaking, a public one; it is a special power or privilege conferred on the borough at its request. *Jones* v. *New Haven*, 34 Conn., 12; *Danbury & Norwalk R. R. Co.* v. *Norwalk*, 37 id., 119; *Weed* v. *Greenwich*, 45 id., 170. If acts of the character now in question are performed under this charter, no exemption from liability by the borough can be interposed when from negligence or wilfulness they are so performed as to produce unnecessary damage to other parties. *Danbury & Norwalk R. R. Co.* v. *Norwalk*, and *Weed* v. *Greenwich*, last cited.

3. But it is said that the defendant has power to do the act complained of under Gen. Statutes, p. 233, sec. 16. This statute has no application to this case. As has been said, the borough acts under the powers conferred upon it by its charter. The charter authorizes its court of burgesses to "provide for the outflow and disposal of any waste water, drainage or sewerage from any public or private sewer or drain, in such manner and upon such places as it shall determine; provided that suitable compensation shall be made for any damage to private property;" and provides how the amount shall be determined by appraisers. It was the duty of the borough to have the compensation determined. *Healey* v. *New Haven*, 49 Conn., 401. However it may be with other persons authorized to repair highways, the officers of the borough may not dispose of waste water and drainage upon the lands of individuals without first paying compensation for damages. Moreover, it nowhere appears that the acts complained of were in any sense occasioned in the repair of highways, or by persons authorized to repair highways. The duty of providing sew-

erage and drainage is distinct from the duty to keep highways in repair, as has already been shown. *Jones* v. *New Haven*, 34 Conn., 12.

CARPENTER J. The complaint in this case, after alleging that the plaintiff was the owner of certain real estate, alleges that "on the first day of July, 1884, all that part of the territory of said borough of Wallingford which is situate on Main street, Center street, and Hall avenue in said borough and adjacent to said highway, was drained, and for a period of time whereof the memory of man runneth not to the contrary had been drained, of surface waters and sewerage, through open gutters and drains along said Center street and said Hall avenue and past and away from the said land of the plaintiff. On the day and year last aforesaid the defendant, by grading and the construction of covered drains, sewers and culverts, changed the course and direction of the flow of said waters and sewerage, with the intent so to do, in such manner that the same ran, and have ever since flowed and run, and still do flow and run, along a certain other highway known as Cherry street, and under said Cherry street by a culvert, over and upon the said premises of the plaintiff, and in such manner as to constitute a nuisance. Whereby the premises of the plaintiff are at times of rain flooded with filthy waters and with sewerage, and are kept damp, unhealthy and malarious, at all times are worn into gullies and carried away by the force of said floods, and the plaintiff has been and is deprived of the enjoyment of said property, and the value of the same has been greatly diminished."

The second count refers to another portion of the territory of the borough, and alleges a diversion of the surface water thereon, omitting the word "sewerage;" so as to cause it to flow on and across the land of the plaintiff; alleging the damage in the same way as in the first count.

To this complaint the defendant demurred, alleging that on the facts stated the plaintiff is not entitled to the relief therein sought.

The complaint is not entirely free from ambiguity. It speaks of surface water and sewerage. The defendant by the 32d section of its charter (Special Laws of 1881, p. 117), is authorized to construct sewers and drains, and to "provide for the outflow or disposal of any waste water, drainage or sewage from any public or private sewer or drain, &c; provided that suitable compensation shall be made for any damage to private property, the amount, if the parties cannot agree, to be determined in the manner specified in sections thirty-three and thirty-six of this act."

This refers to ordinary sewerage from dwelling houses and other buildings supplied with running water, and to such surface waters as may be drained into sewers, but has no reference to surface water passing off upon the surface of the ground. The general supervision of its system of sewers is given to the borough, so far at least as to enable it to provide for the outflow and disposition of waste water and sewerage from drains and sewers; a power conferred on it at its own request, not for the benefit of the public at large, but for the special benefit of the inhabitants of the borough. In exercising this power damage to individuals must be paid for, and the mode of payment is provided for.

A general statute imposes upon the borough the duty of maintaining highways within its limits. That makes it necessary for the borough to dispose of all surface water falling or coming upon the highways.

Were the acts of the defendant, of which the plaintiff complains, done in the exercise of powers conferred upon it by its charter, or in the discharge of duties imposed upon it by the general statute? We think the defendant was caring for the highways under the general statute. If the suit is for acts done under the charter, it is questionable whether the plaintiff has any remedy except that which the charter provides. But passing that, the complaint is not adapted to a cause of action, the gist of which is an omission of the borough to provide for the appraisal of damages. On the other hand, it is apparent that surface water is the principal thing of which the plaintiff complains, and that the sewerage

mentioned in the complaint is such sewerage as may have been discharged upon the surface and mingled with water passing thereon.

We interpret the complaint therefore as alleging a cause of action resulting from the disposition by the defendant of surface water on the highways in the discharge of its duty in caring for the highways.

We come then to the main question—does the complaint disclose a good cause of action?

The defendant is accused of no negligence resulting in an injury to the plaintiff; it is not accused of a faulty construction or repair of the highway by reason of which the plaintiff has been injured, as in *Mootry* v. *Town of Danbury*, 45 Conn., 550; it is not accused of improperly discharging the surface water on the plaintiff's premises in such a manner as to expose her property unnecessarily to special damage, as in *Danbury & Norwalk Railroad Co.* v. *Town of Norwalk*, 37 Conn., 109; nor is it accused of a direct trespass upon the plaintiff's land, as in *Weed* v. *Borough of Greenwich*, 45 Conn., 170. But in its general features this case is very much like that of *Judge* v. *City of Meriden*, 38 Conn., 90, in which the superintendent of streets, with a view to protecting them from damage, changed the course of the water so that it flowed on the plaintiff's premises to his injury, and this court held that the city was not liable. The defendant so graded the streets and constructed its drains, sewers and culverts (presumptively in the best manner), as to cause the water to flow on the plaintiff's land. The intent charged we consider as an intent simply to change the grade, and not a malicious intent to injure the plaintiff. Surface water must be turned from the road-bed into drains and gutters, and at times will flow in considerable quantity. It would be practically impossible for towns, cities and boroughs in most cases to prevent such water from flowing on to the lands of the adjoining proprietors. To hold them responsible for not doing so in all cases, would be unreasonable. It is only in special cases, where wanton or unnecessary damage is done, or where damage results from negligence, that they

can be held responsible. It logically follows that the special facts which show that the act was wanton or unnecessary must appear in the complaint. Nothing of the kind appears in this complaint.

We have a statute which recognizes this distinction. Gen. Statutes, p. 233, sec. 16. It provides that "persons authorized to repair highways may make or clear any water-course, or place for draining off the water therefrom, into or through any person's land, so far as necessary to drain off such water." In 1881 this statute was re-enacted, with the further provision that the work should be "done in such way as to do the least damage to such land," and with a proviso that such water should not be drained into any door-yard, in front of any dwelling-house, or into any inclosure used exclusively for the storage and sale of merchandise." Session Laws of 1881, page 34, sec. 65. Clearly this statute exempts the defendant from liability unless it appears that the work was done in such a way as to do unnecessary damage, or that the water was drained into some place prohibited by the statute. Nothing of the kind appears.

The complaint is insufficient.

In this opinion the other judges concurred.