JAMES BYRNE *vs.* THE TOWN OF FARMINGTON.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In the maintenance of its highways a town is under no obligation to keep open and unobstructed a sluice-way or culvert constructed by it across the roadway for highway purposes, in order to accommodate mere surface water occasionally flowing from adjoining land; and therefore is not liable to the owner of the land in an action for negligence in permitting such sluice-way or culvert to become obstructed, in consequence of which such surface water is set back upon his premises.

Section 2683 of the General Statutes which permits towns to make or clear any watercourse or place for draining highways, into or through private lands, has no application to such a sluice-way or culvert.

[Argued May 15th—decided June 1st, 1894.]

ACTION to recover damages of the defendant for negligence in permitting a sluice-way or culvert across the highway to become obstructed, in consequence of which the surface water was thrown back upon the plaintiff's premises; brought to the Court of Common Pleas for Hartford County

and tried to the court, *Calhoun, J.;* facts found and judgment rendered for the defendant from which the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Roger Welles,* for the appellant (plaintiff).

I. We contend that the town violated its duty in allowing the plaintiff's premises to be inundated by surface water, as in this case, and a due consideration of the question involves an examination of the statutory law of this State as to the drainage of highways, and the decisions of our courts and others applicable thereto.

The present form of the statute is as follows, Sec. 2683 : " Persons authorized to construct or to repair highways may make or clear any watercourse, or place for draining off the water therefrom, into or through any person's land, so far as necessary to drain off such water." The word " may " will be construed as " shall " or " must," if the necessity exists. *Supervisors* v. *U. S.,* 4 Wall., 435 ; *Mayor* v. *Furze,* 3 Hill, 612 ; Endlich on Stat., p. 427, § 312. The " persons authorized " to make such drainage have a *quasi* judicial discretion, under this statute, to determine, in the first place, whether the necessity for such drainage does, in fact, exist or not; but when they have determined that it does exist their judicial duty ends, and the providing for and maintaining such drainage thereafter is a ministerial duty. *Estes* v. *China,* 56 Me., 407, 410 ; *Rowe* v. *Portsmouth,* 56 N. H., 291 ; *Bates* v. *Westborough,* 151 Mass., 174 ; *Johnston* v. *Dist. of Columbia,* 118 U. S., 19, 21; Harris's Damages by Corp., § 110.

In this case the town of Farmington determined the judicial question long ago, when the wooden sluice was put in. After years of observation and experience it reaffirmed its former decision by putting in a more permanent stone culvert in 1878. Thereafter it was its ministerial duty to keep the culvert " clear " from obstruction, that it might answer the purpose for which it was constructed. " But where ju-

dicial duty ends, and ministerial duty begins, there immunity ceases and liability attaches." *Jones* v. *N. Haven*, 34 Conn., 1, 14, cited in *Barnes* v. *Dist. of Columbia*, 91 U. S., 540. The defendant, in the care of this culvert, was under obligation to act " with a reasonable consideration for the property and established rights of " this plaintiff. *Danbury & Norwalk R. R. Co.* v. *Norwalk*, 37 Conn., 109, 120 ; *Adams* v. *Walker*, 34 id., 466 ; *Mootry* v. *Danbury*, 45 id., 550, 556 ; *Healey* v. *N. Haven*, 47 id., 305, 314 ; *Morse* v. *Fair Haven East*, 48 id., 222.

These decisions were all rendered before the passage of the Act of April 5th, 1881 (Session Laws of 1881, p. 34, ch. 65), which is now the second clause of section 2683, of General Statutes. Those decisions are based upon a common liability, and are amply sustained by those of other States. 2 Dillon's Mun. Corp., §§ 1048–1051, 3d Ed. *Wharton* v. *Stevens*, 84 Iowa, 107 ; *Earl* v. *De Hart*, 12 N. J. Eq., 280 ; *Waterman* v. *Conn. & P. R. R. Co.*, 30 Vt., 610 ; *Inman* v. *Tripp*, 11 R. I., 520.

This second clause was enacted for the purpose apparently of settling all doubt upon the matter, and not to supersede any common law remedy, and absolutely prohibits the " allowance " of drainage from a highway into the front dooryard of " *any* dwelling house." Whatever may have been its former duty, ever since the enactment of this provision the town of Farmington has had a ministerial duty imposed by law, not " to allow the drainage of water " from this culvert " into or upon any dooryard in front of any dwelling house," including that of the plaintiff. *McCarthy* v. *Syracuse*, 46 N. Y., 194; *Chichester* v. *Consolidated Ditch Co.*, 59 Cal., 197 ; 16 Am. & Eng. Encyc. of Law, 422 ; *Davis* v. *Guilford*, 55 Conn., 351; *Boucher* v. *N. Haven*, 40 id., 456. This statute was construed in *Bronson* v. *Wallingford*, 54 id., 513, 520, 521, in which this court lays down the doctrine that towns would be liable under this statute " where damage results from negligence," or where " the water was drained into some place prohibited by the statute." There could be no question about the liability of the town if the water

was drained directly into such place. We contend that an indirect or reflex drainage into such prohibited place is within the governing principle and intent of the prohibition as much as a direct drainage. This is a remedial statute and should be liberally construed to effect its object, in protecting from such nuisances the homes of the people. Endlich on Stat., §§ 108, 110, 463; *Holley* v. *Torrington*, 63 Conn., 426; *Bates* v. *Inhabitants of Westborough*, 151 Mass., 174; *Hill* v. *Boston*, 122 id., 344, 358; See also 2 Dillon's Mun. Corp., § 1051, subd. 4; *Mootry* v. *Danbury*, 45 Conn., 550; *Ashley* v. *Port Huron*, 35 Mich., 296, 299; *Hitchins* v. *Frostburg*, 68 Md., 100; *Gaylord* v. *N. Britain*, 58 Conn., 397.

This principle should be applied to the construction of this statute. " Every statute is to be construed with reference to the rules of the common law. There is no exception to that as a general proposition. The particular rules of the common law may be made by the statute inapplicable to the particular case, but in so far as they are not made inapplicable they do not require to be enacted." *MacIntosh* v. *Waite*, Court of Session Cases, 4th Series, Vol. 18, p. 586.

II. The plaintiff had acquired a prescriptive right to the discharge of surface water across the highway at this point, where it had flowed for more than fifty years, and this right had been recognized by the town. *Ingraham* v. *Hutchinson*, 2 Conn., 584; *White* v. *Chapin*, 12 Allen, 516. The town had admitted its duty to repair the obstruction by having repaired it. *Readman* v. *Conway*, 126 Mass., 374. " Such damage to private property is not warranted by the authority under color of which it is done, and is not justifiable by it. It is unlawful, and a wrong, for the redress of which an action of tort will lie." *Perry* v. *Worcester*, 6 Gray, 544, 547. The town owed both a statutory and common law duty to this plaintiff not to flood his dooryard, and thus commit a nuisance. *Seifert* v. *Brooklyn*, 101 N. Y., 136.

The fact that the culvert was originally constructed in the performance of a governmental duty does not afford the slightest excuse to the town for neglecting its ministerial

and statutory duty to keep it clear of obstruction so as not to create a nuisance to the plaintiff, by inundating his dwelling house, outside the highway.  *Hill* v. *Boston*, 122 Mass., 358.  It does not appear that this obstruction caused any injury to the highway, but if it did, it is not that injury that we complain of, but an injury to the plaintiff especially, in which the traveling public is not interested, and an injury and nuisance to his dwelling house and contents, "outside of the limits of the public work."  *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn., 495, 530;  *Greenwood* v. *Westport*, 63 id., 597.

The severe winter or heavy rains do not excuse the town. *Salisbury* v. *Herchenroder*, 106 Mass., 458;  *Smith* v. *Faxon*, 156 id., 589.

*Noble E. Pierce* and *George E. Taft*, for the appellee (defendant).

I.  No duty rested on the defendant to keep open this culvert for the benefit of the plaintiff.  *First*, because its duties as to highways are purely statutory, and this is not one of them.  *Stonington* v. *State*, 31 Conn., 214;  *Chidsey* v. *Canton*, 17 id., 478;  *French* v. *Boston*, 129 Mass., 592;  *Hill* v. *Boston*, 122 id., 344;  *Hewison* v. *New Haven*, 34 Conn., 136, 37 id., 475;  *Jewett* v. *New Haven*, 38 id., 368.  *Second*, because the rule for the town regarding surface water is the same as the rule for any individual proprietor.

The right of the owner of land to determine the manner in which he will use it, or the mode in which he will enjoy it, the same being lawful, is too high in character to be affected by considerations growing out of the retention, diversion, or repulsion of mere surface water, the result of falling rain or melting snow.  *Grant* v. *Allen*, 41 Conn., 160, overruling *Adams* v. *Walker*, 34 id., 466 ;  *Chadeayne* v. *Robinson*, 55 id., 345;  *Smith* v. *King*, 61 id., 517.  It makes no difference that the land is naturally wet and swampy.  *Dickinson* v. *Worcester*, 7 Allen, 22; *Franklin* v. *Fisk*, 13 id., 211 ; Cooley on Torts, side page 578.  A town is practically the owner of the land for all the purposes of a highway, and so

long as it is used strictly for those purposes, with due regard for the rights of others, no liability attaches. *Healey* v. *New Haven*, 47 Conn., 305; *Dickinson* v. *Worcester, supra ; Mills* v. *Brooklyn*, 32 N. Y., 489; Damages by Corporations, Harris, Vol. I., § 108.

It is important to distinguish between natural streams flowing in channels between defined and actual banks, and surface water caused by rain or melting snow, for the law relating to them is essentially different. Dillon's Municipal Corporations, Vol. 2, § 1038, 4th Ed. As to surface water, the law very largely regards it as a common enemy which every proprietor may fight or get rid of as best he may. Id. § 1039. *Gould* v. *Booth*, 66 N. Y. 62; *Lynch* v. *The Mayor, etc.*, 76 id., 60; *Gilfeather* v. *Council Bluffs*, 69 Iowa, 310; *Waters* v. *Bay View*, 61 Wis., 642; *Gilluly* v. *Madison*, 63 Wis., 518.

Section 2683 of the General Statutes has no application to the case at bar. It imposes no duty upon towns, but permits them to drain the water from highways into adjoining lands. The water that collected upon the plaintiff's land did not come from the highway. The governmental duty for which this culvert was constructed was not the duty of removing surface water from the plaintiff's premises, for the very good reason that no such duty ever existed; it performed its governmental duty and there was no ministerial neglect on the part of the town.

II. The obstruction of this culvert was caused by ice and snow, and in this particular the duties of towns are very limited. *Burr* v. *Plymouth*, 48 Conn., 460; *Congdon* v. *Norwich*, 37 id., 414; *Landolt* v. *Norwich*, 37 id., 615; *Cloughessey* v. *Waterbury*, 51 id., 405; *Taylor* v. *Yonkers*, 105 N. Y., 203. The selectmen, under the circumstances, could not have been expected to visit all the highway culverts in town and thaw out the ice and snow; and their failure to do so does not constitute negligence.

HAMERSLEY, J. This is an action against the town of Farmington to recover damages for injury to the plaintiff's

dwelling house and property, from a flow of water into his cellar, caused by the negligence of the town in respect to a culvert under the highway in front of the plaintiff's premises. The defendant demurred to the complaint. The demurrer was overruled. No question is now raised as to the sufficiency of the complaint. The case was tried to the court upon the issues raised by the answer, and judgment rendered for the defendant. From that judgment the defendant appeals.

The material facts as found by the court are as follows :—

The plaintiff bought the land described in the complaint in 1876, and the following year built a house thereon, where he now resides ; the house is on the west side of a highway of the defendant town, and stands in a swale where surface water from melting snow or heavy spring rains tends to collect, but only occasionally, and from these causes. The highway has been built for more than fifty years. In 1878 the road commissioner of the defendant built a stone culvert in the highway in place of a wooden sluice which had become obstructed. The culvert was situated just south of the defendant's house, in front of his lot, and at the lowest part of the swale. The sluice and culvert were built for highway purposes only, to enable the water to pass from the west to the east side of the highway when a passage was needed ; no watercourse ever flowed through either. The culvert, if unobstructed, was sufficient to carry off any collection of surface water on the west side of the highway, and from the plaintiff's land ; without such a water-way the surface water would be retained by the highway bank. In the winter of 1892–93, owing to the extreme and protracted cold, this culvert was frozen up and thus became completely obstructed ; the accumulations of surface water caused by melting snow and rain during January and March, 1893, were extraordinary ; on three occasions during that time, the culvert being obstructed by ice, such water accumulated in the swale on the plaintiff's premises and flowed into his cellar damaging his property. On April 8th, the defendant opened and cleared the culvert. The defendant was guilty

of negligence in not opening and clearing the culvert at an earlier date, if it were the duty of the defendant to keep the culvert open and unobstructed for the benefit of the plaintiff.

The plaintiff claims that the trial court erred in not holding upon the facts found, as a matter of law, that it was the defendant's duty to keep the culvert unobstructed for the benefit of the plaintiff; and that therefore the defendant was liable to the plaintiff for damages caused by negligence in the performance of that duty. There is no foundation for such claim. In the discharge of its obligations in the maintenance of a highway, a town, if it has any duty to an adjoining proprietor in reference to the flow of surface water, has no greater duty than is imposed on an individual owner of land. The rule in such cases is well settled.

" The right of an owner of land to determine the manner in which he will use it, or the mode in which he will enjoy it, the same being lawful, is too high in character to be affected by considerations growing out of the retention, diversion, or repulsion of mere surface water, the result of falling rain or melting snow." *Grant* v. *Allen*, 41 Conn., 156. " No action can be maintained for changing the course or obstructing the flow of mere surface water by erections on adjoining land. It makes no difference in the application of this rule that the land is naturally wet and swampy. A conterminous proprietor may change the situation or surface of his land by raising or filling it to a higher grade, by the construction of dykes, the erection of structures or other improvements which cause water to accumulate from natural causes on adjacent land and prevent it from passing off over the surface." *Dickinson* v. *City of Worcester*, 7 Allen, 19; Gould on Waters, § 256; *Chadeayne* v. *Robinson*, 55 Conn., 346; *Smith* v. *King*, 61 id., 517; *Gannon* v. *Hargadon*, 10 Allen, 106; *Franklin* v. *Fisk*, 13 id., 211; *Bates* v. *Westborough*, 151 Mass., 174.

In the present case, the use of its land by the town in raising slightly the grade of the traveled part of the highway was a lawful use; the town was not liable in damages

for the obstruction of the flow of mere surface water caused by such raising of grade. It was under no obligation to the adjoining proprietor to build a culvert; it had a right, as against such proprietor, to close the culvert either permanently or by failing to remove a temporary obstruction. As the court says in *Chadeayne v. Robinson*, p. 350: " It is the right of the defendants to erect for the entire depth of their lot a structure which will be a perfect barrier to surface water. Of course that which they may do perfectly and permanently, they may do imperfectly and temporarily; and the plaintiffs must accept the consequences." The facts found by the trial court bring this case clearly and without any room for doubt, within this well established rule.

It is unnecessary to consider what rule might apply, if the defendant had succeeded in proving, as he seems to have claimed upon the trial, that the water obstructed and set back upon his land was not merely the natural and occasional accumulations of surface water, but was in the nature of a watercourse which the defendant undertook to control, and by its negligence diverted or repelled from its natural course to his damage.

The plaintiff claims that § 2683 of the General Statutes makes the defendant liable in damages for neglecting to clear the culvert. That section is: " Persons authorized to construct or repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water; and when it should be necessary to make any drain upon or through any person's land for the purpose named in this section it shall be done in such way as to do the least damage to such land; provided that nothing in this section shall be so construed as to allow the drainage of water from such highways into or upon any door-yard in front of any dwelling house, or into and upon yards and inclosures used exclusively for the storage and sale of goods and merchandise."

This statute has no application to the plaintiff's case. The defendant has neither made nor cleared any watercourse or

place for draining water from the highway into or through the plaintiff's land, and therefore has not within the meaning of the statute drained any water from the highway into or upon the plaintiff's door-yard.

If the plaintiff has been aggrieved by the judgment of the trial court, his grievance consists solely in his failure to convince the court that he had proved the facts alleged in his complaint; upon the facts as found, the court correctly held that the defendant was not liable to the plaintiff for damage caused by its failure to keep the culvert open for the benefit of the plaintiff.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.