ABBIE O. T. SISSON *vs.* THE TOWN OF STONINGTON.

Second Judicial District, Norwich, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Until the landowner and the selectmen of a town have become unable
to agree upon the amount of special damages the former has sus-
tained by a change of grade of a highway, there is no obligation
upon the part of the latter to apply to a judge of the Superior
Court for the appointment of appraisers, as provided in General
Statutes, § 2706. Nor, when unable to agree, can the landowner
maintain an ordinary action at law against the town to recover
damages until the selectmen have refused, or neglected for an un-
reasonable time, to make such application.
In the present case the parties were at issue as to whether there had
been such inability to agree upon the damages as showed a refusal
or neglect by the selectmen to make the statutory application. The
plaintiff averred that there had, while the defendant alleged that
the parties had orally agreed to submit the question of damages to
arbitration, that it had reduced such contract to writing, signed it
and sent it to the plaintiff, and that while awaiting her signature,
and without any notice, she had instituted this action for damages.
*Held* that the writing was admissible, in connection with the other
evidence, in support of the defendant's contention.
The plaintiff sought a recovery in one count upon a liability arising *ex
contractu* and in another upon a liability arising *ex lege*. *Held* that
the differing rules of law applicable to these claims should have
been clearly stated and explained to the jury.
It is not enough for a trial judge to lay down general principles of law
and leave the jury to apply them; he should go further and inform
the jury what the law is as applicable to the facts in the case they
are trying.
Unless made so by statute a town is not liable for an injury to adjoin-
ing premises caused by surface water flowing from a highway the
grade of which has been raised above the abutting property.

Argued October 16th—decided December 18th, 1900.

ACTION to recover special damages to the plaintiff's land
claimed to have been caused by a change of the grade of a
highway, brought to the Superior Court in New London
County and tried to the jury before *Elmer, J.;* verdict and
judgment for the plaintiff for $630 damages, and appeal by

the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The complaint in this case is in two counts. The first alleges that the plaintiff is the owner of a piece of land in Stonington, bounded southerly by a highway; that in December, 1897, the town by its selectmen was making repairs and changes in the grade of said highway, whereby the highway was made temporarily impassable; that the selectmen requested permission, which the plaintiff granted, to use her said land for a highway until the repairs were completed, and that in consideration thereof the selectmen promised to pay her therefor a reasonable compensation; and that such compensation was $300, which sum the plaintiff demanded.

The second count alleged that the selectmen changed the grade in the highway, thereby doing damage to her land. The count then avers: "5. The plaintiff and the selectmen of said town were unable and have ever been unable to agree as to the damages sustained by said plaintiff to her land by reason of said change of grade. 6. The plaintiff, on the 28th day of April, A. D. 1898, requested the selectmen of said town of Stonington, in writing and personally, to apply to any judge of the Superior Court to appoint a committee of three disinterested electors to estimate and assess the damages so sustained, or any benefits that might accrue to said plaintiff, by reason of said alteration in said highway and change of grade thereof, in accordance with § 2706 of the General Statutes. 7. Said selectmen, on said 28th day of April, A. D. 1898, refused said request, and still do refuse and neglect to grant such request, and have ever refused to apply to any judge of the Superior Court for said purpose. 8. The damages . . . were one thousand dollars."

The answer contained three defenses. The first was in substance a denial of the whole complaint. The second was as follows: "1. In the month of September, 1898, while the plaintiff and the defendant were endeavoring to agree as to the damages sustained by the plaintiff and the benefits accruing to the plaintiff by reason of the change of grade alleged in the complaint, the plaintiff and the defendant agreed to

submit the entire controversy to the arbitrament and award of Charles H. Babcock and Eben P. Couch, and a third person to be agreed upon by them, pursuant to which agreement the defendant drew and caused to be drawn a written agreement and submission, which the defendant delivered to the plaintiff's attorney. 2. While said negotiations were pending, and while the defendant was waiting for the plaintiff to execute said agreement, while the defendant was in good faith attempting to agree with and settle the questions and claims of the plaintiff for damages and benefits, and without any further notice from the plaintiff or demand on her part, the plaintiff brought this suit; so that the defendant in this action and the selectmen of the defendant town had not failed to agree with the plaintiff as to the damages sustained by her or the benefits accruing to her, nor had said town waived its rights to apply to a judge of the Superior Court for such relief as is provided under § 2706 of the General Statutes."

The third defense was as follows: "1. The benefits accruing to the plaintiff by the change of grade, as alleged in the plaintiff's complaint, were greater than the damages sustained by her, by reason of improving the value and usefulness of the lands of the plaintiff described in her complaint, and other lands owned wholly or in part by the plaintiff situated near said change of grade and abutting upon said highway where said change of grade was made. 2. The other lands herein referred to are described and made the basis of other and further claims and suits by this plaintiff and others, for the same change of grade as that alleged in the plaintiff's complaint in this case."

The plaintiff in reply denied all the matters alleged in the second and third defenses.

The issues so formed were tried to the jury. The plaintiff had a verdict; and the defendant now appeals.

*Hadlai A. Hull*, for the appellant (defendant).

*Abel P. Tanner* and *Charles B. Waller*, for the appellee (plaintiff).

ANDREWS, C. J.    Section 2706 of the General Statutes provides that "if the selectmen of any town, and any person interested in the layout, opening, grading or alteration of any highway or private way therein, cannot agree as to the damages sustained by, or the benefits accruing to, such person thereby, the selectmen shall apply to any judge of the Superior Court, who, having caused reasonable notice to be given to the parties interested, shall appoint a committee of three disinterested electors, to estimate and assess to each person injured or benefited the damages sustained or the benefits accruing to him by such layout, opening, or alteration of such way." The section also prescribes the steps to be taken by the committee and the procedure upon the return of their report.    This section has been commented on by this court in several cases.    *Nicholson* v. *New York & N. H. R. Co.*, 22 Conn. 74; *Holley* v. *Torrington*, 63 id. 426; *Cullen* v. *New York, N. H. & H. R. Co.*, 66 id. 211.    The general effect of these cases is to indicate that the statute furnishes the remedy for persons who are affected by the layout or alteration of any highway, and that the remedy so provided is in the first instance exclusive; that a person whose land is thus damaged or in any way injured by the layout, alteration or change in the grade of any highway, has no standing to bring any ordinary action to recover for such injury or damage, until the selectmen have refused to make application to a judge of the Superior Court, pursuant to the statute, or have neglected to apply for so long a time that their neglect is equivalent to such a refusal.    *McCotter* v. *New Shoreham*, 21 R. I. 43; *Matter of Marsh*, 71 N. Y. 315.

The second count in the complaint is the principal one. It conforms to the law as just stated.    In it the plaintiff, to show her right to maintain the action, avers that she and the selectmen of the defendant were unable to agree as to the damages sustained by her by reason of the change of the grade in the said highway; that she requested the selectmen to apply to a judge of the Superior Court for the appointment of a committee pursuant to the said statute, and that they refused and still do refuse so to do.

In the first defense the defendant denies these averments; and in the second defense the defendant avers that not only had they not been unable to agree as to the said damages but they had in fact agreed to the damages,—that is, that they and the plaintiff had agreed orally to submit the question of damages to arbitrament and award of persons named; that the defendant reduced this agreement to writing, duly executed it and presented the same to the plaintiff for her to sign, but that the plaintiff, in violation of her said agreement and without notice to the defendant, brought this action; and that so they had not been unable to agree with the plaintiff as to said damages, nor had they neglected or refused to apply to a judge of the Superior Court.

In her reply the plaintiff denied these allegations of the defendant. By the issue so formed the material fact—made so by the averments of the complaint as well as of the defense—was, whether or not the defendant had refused and neglected to apply to a judge of the Superior Court according to the provisions of the statute; and, as preliminary to such application, whether or not there had been any such inability to agree upon the damages as showed a refusal or neglect to make such application. Obviously, there could be no duty to apply to a judge if the parties had not been unable to agree upon the damages. To prove its contention upon this question the defendant offered in evidence the writing which it had prepared as above set forth. The plaintiff objected to it and the court ruled it out. This was error. In connection with the other testimony it very clearly tended to prove that the defendant had not refused or neglected to apply to a judge of the Superior Court for the appointment of a committee.

The first count of the complaint alleges a contract made by herself and the defendant, which she says the defendant has not kept, and claims damages; that is to say, she seeks to recover upon a liability arising *ex contractu.* The second count claims to recover damages upon a liability imposed on the defendant by law; that is, upon a liability arising *ex lege.*

The rules of law applicable to these forms of liability

Sisson *v.* Stonington.

differ materially; but these differences were not in anywise pointed out to the jury by the court.

It was the defendant's contention, in this part of the case, that it had never made any such contract with the plaintiff as she set up. It appeared that the plaintiff was the owner in severalty of the piece of land in Stonington described in the complaint. It also appeared that she was the owner jointly with her two sisters of other adjacent lands. The defendant insisted that they made one joint contract with the three sisters to pass over all their lands, for a temporary highway, and that they never made any several contract with the plaintiff, as she claimed. William A. Wilcox, who is spoken of as the agent of the plaintiff as well as of her two sisters, testified as to the agreement he made as such agent with Mr. Stillman, the selectman of the defendant town, for the use of the premises as a temporary highway. Mr. Still-man, the selectman, also testified as to this agreement. Other witnesses may have testified. These two are specifically mentioned. The defendant asked the court to charge the jury that if "this contract was in favor of the three sisters jointly, then this plaintiff cannot enforce the contract in whole or in part without joining the sisters." Upon this request the court charged the jury as follows: "That is a question of the testimony, gentlemen,—whether the plaintiff has brought an action to this court which should have been a joint action instead of a several action. The plaintiff claims that she and her sisters did not make a joint contract. If they did, it is a principle of law that they must join, that there is a joint ownership and a joint responsibility. It is a question in which you must rely upon the evidence. The plaintiff claims that it has been fully proved that Miss Sisson was acting for herself alone, or that her agent was acting only for her." The trial judge then went on to speak at some length of the principle of joint contracts and joint obligations; but nowhere did the court call the attention of the jury to the facts, or the evidence of the particular case which tended to show whether or not the contract here in question was a joint one or a several one; nor did he point out to the

jury how they could determine one way or the other, or determine which was proved or which not proved. There was in the charge no safe guidance to the jury to a correct result. "It is not the proper course for a judge to lay down the general principles applicable to a case and leave the jury to apply them, but it is his duty to inform the jury what the law is as applicable to the facts of the case." *Morris* v. *Platt*, 32 Conn. 75.

In the second count of her complaint the plaintiff sought to recover damages under § 2706 of the General Statutes. She alleged that she was the owner of lands in the town of Stonington adjoining a certain highway in that town, the grade of which had been changed, and that such change of grade had done damage to the land. Her ownership of the land was not disputed, nor the change of the grade of the highway. The conflict was on the amount of damages. The town contended that the land of the plaintiff had not been damaged at all, but on the contrary had been benefited. The plaintiff, on the other hand, claimed that her land had been very greatly damaged. She laid especial stress upon the fact, which she insisted was proved, that in the changing of the grade the defendant had caused the water from the highway to flow down to and upon her land. This seems to have been the part of the plaintiff's case upon which she chiefly rested her demand for damages.

The defendant claimed that under the circumstances of this case it was not liable at all in damages for the water that flowed on to the plaintiff's land. It claimed, and asked the court to so instruct the jury, that the provisions of § 2683 had no application to such a sluiceway or culvert as had been shown to exist in the case. There had been no evidence that the plaintiff's land was a door-yard or an enclosure used exclusively for the storage and sale of goods and merchandise. The court said to the jury: "That unquestionably is the law, but, in draining, it must be done in a proper manner. The selectmen have no right to allow the water, by their own act, to so flow upon the premises as to make a reservoir or pond of a man's land; they have a right to drain there, no doubt

about that.   They are not, in making those improvements, bound to keep that sluiceway unobstructed, but they are bound to use all proper diligence; they have the right, as the gentleman claims, under this law, to properly drain onto and through and upon the premises of a person." ·

It seems to us that this instruction fell far short of the duty which then rested on the court.   The defendant was entitled to have the substance of its request given to the jury. This instruction did not state to the jury the correct rule of law applicable to the circumstances.   The liability to which towns and selectmen may subject themselves in the repair, or in the changing of the grade, of a highway, for turning water upon the land of an adjoining owner, has been recently and quite fully stated by this court in several cases, notably in *Bronson* v. *Wallingford*, 54 Conn. 513; *Byrne* v. *Farmington*, 64 id. 367; and *Downs* v. *Ansonia*, 73 id. 33.   The court wholly omitted to instruct the jury upon the law as stated in these cases.

There are various assignments of error in the appeal; but as there must be a new trial for the reasons already mentioned, and as the other questions are not likely to arise on such new trial, we deem it unnecessary to consider them.

There is error.

In this opinion the other judges concurred.