## HENRY SALZMAN *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In repairing highways a municipal corporation is engaged in the performance of a public governmental duty imposed upon it by the State, and is not liable in damages for consequential injuries to a building of an adjoining proprietor, incident to the discharge of that duty, unless made so by statute.

Accordingly, a complaint against a city by the owner of premises adjoining a highway, for an injury thereto caused by surface-water which during a heavy rainfall collected in and flowed from excavations made by the city while repairing the street, is demurrable, in the absence of an averment that the acts of the city were performed wantonly or maliciously, or that any unnecessary damage was done.

The cases of *Danbury & Norwalk R. Co.* v. *Norwalk*, 37 Conn. 109, and *Mootry* v. *Danbury*, 45 Conn. 550, distinguished.

Submitted on briefs October 29th—decided December 18th, 1908.

ACTION to recover damages for injuries to the plaintiff's premises alleged to have been caused by the negligence of the defendant, brought to the City Court of New Haven where a demurrer to the complaint was sustained (*Mathewson, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Benjamin Slade, Maxwell Slade* and *David H. Slade,* for the appellant (plaintiff).

*Edward H. Rogers* and *Edward P. O'Meara,* for the appellee (defendant).

RORABACK, J. This is an action against the city of New Haven to recover damages for an injury to the plaintiff's premises, from a flow of surface-water, through the alleged negligence of the defendant. The material facts set forth in the complaint are as follows: On October 27th, 1907, and for a long time prior thereto, the plaintiff owned certain premises on Commerce Street in the city of New Haven. On that day the city of New Haven, acting by its duly authorized agents and servants, was engaged in excavating the public highway or road in front of the plaintiff's premises, which it was the duty of the defendant to keep in good repair and safe condition. As a result of the carelessness and negligence on the part of the defendant's agents and servants, the highway in front of the plaintiff's premises was carelessly and negligently left open or insufficiently packed or filled. During the following night it rained heavily and the water collected in the highway and passed thence under the sidewalk through the foundation walls of the plaintiff's building and into his cellar, where it damaged the contents and otherwise injured the building.

To the complaint the defendant demurred, for the following reasons: "Because it appears from the complaint that the alleged negligent acts of the defendant were done by it within the limits of its public highway and within the limits of its jurisdiction, and that the alleged injury to the plaintiff resulting therefrom is wholly incidental to and consequential upon the exercise by the defendant of its lawful powers.

"Because the liability imposed by statute on the defendant in the building and maintenance of its public highways extends to and includes only such injuries as result directly from the neglect and failure of the defendant to keep said public highways in good repair and safe condi-

tion, and the only allegation of negligence in the complaint from which the alleged injury to the plaintiff resulted is its failure to keep its public highway or road in good repair and safe condition, and said alleged injury did not, as appears from the complaint, result directly, but incidentally and consequentially from said failure of the defendant to keep its said public highway or road in good repair and safe condition.

"Because it does not appear from the complaint that the defendant's acts from which the alleged injury resulted were done wantonly or unnecessarily, or that any wanton or unnecessary damage was done to the plaintiff by reason of any of the defendant's acts."

This demurrer was sustained.

It appears from the complaint that the negligent acts complained of were performed within the limits of a public highway while the defendant was engaged in the performance of a governmental duty, and for the public use and benefit. It is not averred that these acts were performed wantonly or maliciously, or that any wanton or unnecessary damage was done. It is alleged that the defendant is liable for leaving the excavations in the highway open and insufficiently packed, so that surface-water from a heavy rain-storm in the night season passed through the excavation into and upon the plaintiff's property, causing him damage.

The law wisely provides that an action will not lie to recover damages for an injury which did not result from any direct action of the municipality, but occurred as a consequential injury incident to the discharge of its duty and lawful powers. "When authority is vested in the municipal corporation, by charter or statute, to improve streets and establish street grades, and, in the exercise of that power, changes are made in the surface of the city's highways, by which surface-water is caused to collect on or flow over the adjacent land of private owners, there is no implied liability

on the part of the municipal corporation for such indirect and consequential injuries, provided the city does not exceed its lawful power." Tiedeman on Mun. Corp., § 354a, p. 732. In the recent case of *Rudnyai* v. *Harwinton*, 79 Conn. 91, 63 Atl. 948, which was an action for discharging surface-water upon adjoining land, this court held that in building and repairing highways a town was engaged in the performance of a public governmental duty imposed upon it by the State (General Statutes, § 2013), and was not liable in damages for consequential injuries to land of an adjoining proprietor, incident to the discharge of that duty, unless made so by statute. In that case the special circumstances under which a municipality can be made liable for the discharge of surface-water are stated as follows: Whatever may be the constitutional limit of the powers of towns under General Statutes, § 2031, respecting the drainage of highways, they certainly have no right to collect in ditches alongside the highway the surface-water flowing from lands above it, and discharge such water, by means of sluices across the road, upon the lower premises of an adjoining owner, when by a moderate expenditure of money the water could have been carried off so as not to injure such premises. One principle enunciated by this decision is that a municipal corporation has no right to collect surface-water from adjoining lands and from its streets, into an artificial channel, and then discharge it upon the land of an adjoining proprietor.

In the present case no such elements of liability appear from the allegations set forth in the plaintiff's complaint. The grievance of which the plaintiff complains is that by the negligent repair of a certain public highway by the defendant, surface-water from a heavy rain-storm in the night season passed into and upon his premises, causing him damage. That such a complaint does not allege a cause of action is too well settled in this State to be seriously questioned. *Rudnyai* v. *Harwinton*, 79 Conn. 91, 63 Atl. 948;

*Downs* v. *Ansonia,* 73 Conn. 33, 46 Atl. 243; *Sisson* v. *Stonington,* 73 Conn. 348, 47 Atl. 662; *Byrne* v. *Farmington,* 64 Conn. 367, 30 Atl. 138; *Bronson* v. *Wallingford,* 54 Conn. 513, 9 Atl. 393; *Judge* v. *Meriden,* 38 Conn. 90.

But the plaintiff contends that the sufficiency of his complaint can be safely tested by the provisions of § 2020 of the General Statutes, which in part provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." This is a statute creating a liability for an injury to the person or property by means of any defect or want of repair in the highway. This liability is a limited one and not to be extended beyond the special purposes of protecting persons from injury while traveling on such highway. *Seidel* v. *Woodbury,* 81 Conn. 65, 70 Atl. 58; *Bartram* v. *Sharon,* 71 Conn. 686, 694, 43 Atl. 143; *Makepeace* v. *Waterbury,* 74 Conn. 360, 362, 50 Atl. 876; *Upton* v. *Windham,* 75 Conn. 288, 291, 53 Atl. 660. Public highways are to be built and kept in repair by the towns within which they are situated, so that they shall be safe and convenient for any person traveling thereon. This requisition, imposing upon all municipal corporations a serious and weighty obligation, by necessary implication authorizes them to do all acts necessary to the complete and faithful discharge of their duty in this particular. They may therefore bestow labor upon all parts of the located way, and make such changes in the natural surface of the soil as will add to the convenience or safety of the traveler. If, in consequence of such changes, the water accumulating upon the surface of the way, by the fall of rain or the melting of snow, passes on to adjoining lands in different places, or in somewhat greater quantities in particular places than it otherwise would have done, that is to be considered as one of the natural, probable, or necessary consequences resulting from the establishment and maintenance of the way; and therefore no action will lie for such injury, as for tort, but

the damage must be regarded as a matter contemplated in the location of the road. *Flagg* v. *Worcester*, 13 Gray (Mass.) 603. In *Bronson* v. *Wallingford*, 54 Conn. 513, 9 Atl. 393, which was an action for an injury to the plaintiff's land by the turning on of water and sewage, it was held that municipal corporations, so long as their acts are kept within the authority of the statute, are not liable for the damage done to such adjoining land by the water turned upon it; and therefore are not liable to the owner of land abutting the highway, in an action for negligence in permitting a sluiceway or culvert to become obstructed, in consequence of which water was set back upon his premises. *Byrne* v. *Farmington*, 64 Conn. 367, 30 Atl. 138. It was also held in *Bronson* v. *Wallingford, supra,* p. 521, that the statute (General Statutes, § 2031) as to draining highways had no application, and that this statute went so far as to exempt municipal corporations from damages from draining water from highways onto private lands, "unless it appears that the work was done in such a way as to do unnecessary damage, or that the water was drained into some place prohibited by the statute." Nothing of this character is alleged in the complaint now before us.

The plaintiff places special emphasis upon the cases of *Danbury & N. R. Co.* v. *Norwalk*, 37 Conn. 109, and *Mootry* v. *Danbury*, 45 id. 550. The present case is unlike *Danbury & N. R. Co.* v. *Norwalk*, in which a railroad was carried through a densely populated village by a deep cut running under the principal street, which crossed it by a bridge, the station being located on the side of the street and supported by the walls of the excavation. The town undertook to construct a drain, which was to discharge the water of the street into the cut under the bridge, to the injury of the wall and the railroad. The railroad in its location and construction intercepted the natural course of the drainage of the locality, and it was indispensable that a drain be constructed for the street, but it appeared that, at a greater

but not unreasonable expense, one could be constructed that would not injure the railroad company. In *Mootry* v. *Danbury* the authorities of the town of Danbury built a bridge in such a manner as to set back the water of a stream upon the plaintiff.

The present case presents no such conditions. It appears from the plaintiff's complaint that the surface-water from a heavy rain-storm, by reason of the action of the defendant, the natural features of the ground, and the force of gravity, passed on and over the plaintiff's lot. The discharge of water was unusual, of a temporary and unexpected character. There is a wide distinction between a liability to deal with surface-water falling on land from a heavy rain-storm, and the right to set back the water of a stream by a permanent structure.

There is no error.

In this opinion the other judges concurred.