HERMAN PENN
*vs.*
WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court      New Haven County      File #55721

MEMORANDUM FILED DECEMBER 12, 1938.

William T. Holleran, of New Haven, for the Plaintiff.

Charles J. McLaughlin, Attorney General; Harry L. Brooks, Assistant Attorney General, for the Defendant.

ELLS, J. This is an action against the State Highway Commissioner for reconstructing and maintaining a public highway which unnecessarily discharges surface water through a ditch and a concrete pipe into and upon plaintiff's land.

The defendant has demurred on the ground that the defendant is engaged in a public governmental duty in its sovereign capacity and that it does not appear in the complaint that any authority or consent was granted by the State to institute this action.

The defendant is W. J. Cox, Highway Commissioner of the State of Connecticut. The principal claim for relief is an injunction restraining a public officer from continuing to discharge water into and upon the plaintiff's land. There is also a claim for damages. If an injunction could be granted in such a case, the complaint as a whole is not demurrable. The general law indicates that this may be the situation here.

Going directly to the larger issues involved, we find that section 1473 of the General Statutes, Revision of 1930, which gives the Highway Commissioner the power to lay out, construct and maintain highways, contains this final sentence: "He shall use care so that no unnecessary damage shall result, and the state shall be liable to the owner of any property for any damage he may cause such owner." Unnecessary damage is here specifically alleged. Section 1428 of the General Statutes, Revision of 1930, provides that persons authorized to construct or repair highways "may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water." The complaint specifically alleges the defendant is "unnecessarily" doing this, in violation of this statute.

My conclusion is that the complaint is so worded as to be safe at least against demurrer.

Upon argument I suggested to counsel that this was a case which might well be settled. I now find high authority for this idea. In *Salzman vs. New Haven*, 81 Conn. 389, 392, our Supreme Court says: "Whatever may be the constitutional limit of the powers of towns under General Statutes, §2031, respecting the drainage of highways, they certainly have no right to collect in ditches alongside the highway the surface' water flowing from lands above it, and discharge such water, by means of sluices across the road, upon the lower premises of an adjoining owner, when by a moderate expenditure of money the water could have been carried off so as not to injure such premises. One principle enunciated by this decision is that a municipal corporation has no right to collect surface-water from adjoining lands and from its streets, into an artificial channel, and then discharge it upon the land of an adjoining proprietor."

The demurrer is overruled.