[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The issue before the court is whether a motion to strike should be granted. The motion is granted as to count three and denied as to counts one, four, five and six.
The plaintiffs, Chester and Charlotte Agonis, filed a six count complaint on July 5, 1995, against the City of Stamford and John Doe for injuries Chester Agonis sustained while attempting to shovel an immense mound of snow that a City of Stamford Public Works Department snow plow deposited in his driveway while plowing the road in front of his home. The claims against John Doe were dismissed on August 14, 1995 by Judge Dean. The defendant filed a motion to strike the remaining claims on August 23, 1995, and the plaintiff filed a brief in opposition on November 9, 1995.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The defendant first argues that the third count for CT Page 450 indemnification should be stricken since the employee, John Doe, is no longer a party to the action. The plaintiffs argue that they have filed a motion to cite in the proper defendant. At this time there is no John Doe defendant in the case, and therefore there can be no indemnity when no underlying cause of action exists. See Wuv. Fairfield, 204 Conn. 435, 528 A.2d 364 (1987). Accordingly, the motion to strike the third count should be granted.
The defendant next argues that the first count in negligence and the fourth count in nuisance should be stricken because the actions are barred by General Statutes § 52-557n and by governmental immunity. The plaintiffs respond that their claim is not based on the condition of the road, nor was Chester Agonis injured on city property, therefore General Statutes §§ 52-557n and 13a-149 are inapplicable to the case.
General Statutes § 52-557n(a)(1) provides, in pertinent part, "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." General Statutes § 13a-149
provides, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
The court has defined a defective road as "any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal citations omitted, internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). Highway defects are distinguished from objects "which may expose a person to danger, not as a traveler, but independent of the highway." Id. Two cases, one stemming from discharge of water onto adjacent property due to negligent construction of a storm sewer and the other a culvert, were held to not constitute highway defects under precursor statutes. Salzman v. New Haven, 81 Conn. 389,71 A. 500 (1908); Morse v. Fair Have East, 48 Conn. 220, 222 (1880). Accordingly, the snow deposited from the street onto an adjacent landowner's property does not constitute a highway defect, and therefore the exception to General Statutes § 52-557n, § 13a-149, does CT Page 451 not apply. Accordingly, § 52-557n does not mandate the striking of counts one and four.
The defendant next argues that the claims are barred by governmental immunity. Connecticut municipalities are immune from their tortious acts in certain circumstances. Ryszkiewicz v. NewBritain, 193 Conn. 589, 593, 479 A.2d 793 (1984). Immunity turns on whether the duty alleged is public or private, and governmental or ministerial. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167-68, 544 A.2d 1185 (1988). Both parties urge the court to label the acts ministerial or discretionary. The determination of whether an act or omission is discretionary or ministerial is usually a factual question which depends on the nature of the act.Gauvin v. City of New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982). "Only when a complaint contains sufficient allegations that it can be determined, as a matter of law, that the municipality was engaged in the performance of a governmental function, a claim for governmental immunity may be raised on a motion to strike."Condito v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113146 (May 14, 1991) (Karazin, J., Conn. L. Rptr. 75). In Koloniak v. Board of Education,28 Conn. App. 277, 281-82, 610 A.2d 193 (1992) the court held that the accumulation of ice and snow on a sidewalk was sufficient to make the duty to sand, salt or shovel a ministerial duty in light of the job description of and directives issued to the maintenance workers. But see Burns v. Board of Education, 228 Conn. 640,638 A.2d 1 (1994) (duty to clear snow and ice from school courtyard was discretionary, but plaintiff fell within the foreseeable victim exception.) Accordingly, there are not sufficient facts to determine if the action is governmental or ministerial, and the motion to strike counts one and four are denied.
The defendant last argues that the plaintiff has not alleged a legally recognized duty; that while the city has an obligation to take reasonable steps to remove the snow from the traveled portion of the road, the city has no duty to clear driveways. "Liability may attach for a negligently performed ministerial act." Koleniakv. Board of Education, supra, 28 Conn. App. 281. The issue is not whether the city has a duty to keep the plaintiffs' driveway clear, but whether the city's acts in removing the snow were reasonable. Accordingly, the motion as to counts one and four are denied.
Furthermore, the motion to strike counts five and six, loss of consortium, is dependent upon whether the first and fourth counts are stricken. Therefore, the motion to strike counts five and six CT Page 452 are denied.
RICHARD J. TOBIN, JUDGE