[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 26, 1997, the plaintiff filed a seven count amended complaint against the Town of Ridgefield. That amended complaint alleges the following facts. On or about January 27, 1996, the plaintiff was the owner of property located at 318 Silver Spring Road in Ridgefield. On the aforementioned date, the plaintiff's septic leaching field was damaged when Silver Spring Road became flooded during a heavy rainstorm. The damage to the leaching field was caused by the defendant's failure to properly design and maintain Silver Spring Road.
The amended complaint sets forth causes of action: a violation of §§ 13a-149, 13a-138, 13a-99 of the General Statutes; trespass; nuisance; diminution of value; and a violation of § 22a-19. The defendant has now filed a motion for summary judgment as to each and every count of the complaint.
Section 13a-149 provides in pertinent part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." "[O]nly a `traveler' may recover damages against a municipality under § 13a-149." Quire v. Stamford, CT Page 2951231 Conn. 370, 375 (1994). "The statute provides no right of recovery to an abutting landowner for damage from a defective highway." AerotecCorporation v. Greenwich, 138 Conn. 116, 119 (1951). See alsoSalzman v. New Haven, 81 Conn. 389 (1908). The complaint and affidavit[1] establish that the damage to the leaching field did not arise out of the plaintiff's use of Silver Spring Road for travel purposes. The motion is granted as to count one.
Section 13a-138(a) provides that, inter alia, "[p]ersons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land." This statute "has been held applicable only to situations in which a drain or watercourse has been artificially created and inapplicable where surface water flows naturally from the highway." Postemski v. Watrous, 151 Conn. 183, 188 (1963). The complaint and the evidence submitted reveal that the defendant has not made or cleared any watercourse or place for draining. See Downs v. Ansonia, 73 Conn. 33, 36 (1900) (as used in § 13a-138, the term watercourse "does not mean the flow of surface water from a highway in times of heavy rain fall, and without any definite channel"). In this instance, the property damage was allegedly caused by the improper grading of the highway and the failure to clear the catch basins. See plaintiff's exhibits A and B; see also count one, ¶ 7 of plaintiff's amended complaint. Our Supreme Court, however, has held that "[t]he mere raising or changing of the grade or surface of a highway for its necessary improvement, though it may cause surface water to flow upon the lands of adjoining proprietors, is not the making or clearing of a place for draining off the water from such highway into or through the land of such adjoining owner, within the meaning of [§ 13a-138]." Id. See also Byrnev. Town of Farmington, 64 Conn. 367, 374-75 (1894). A town is "under no obligation to the adjoining proprietor to build a culvert; it [has] a right, as against such proprietor, to close the culvert either permanently or by failing to remove a temporary obstruction." Byrne v. Town of Farmington, supra. Section 13a-138, therefore, has no application to this case. Accordingly, the motion for summary judgment must be and is hereby granted as to the second count.
Section 13a-99 provides in pertinent part that "[t]owns CT Page 2952 shall, within their respective limits, build and repair all necessary highways and bridges . . . except when such duty belongs to some particular person." "[I]n building and repairing highways a town [is] engaged in the performance of a public governmental duty imposed upon it by the State [pursuant to §13a-99], and [is] not liable in damages for consequential injuries to land of an adjoining proprietor, incident to the discharge of that duty, unless made so by statute." Salzman v.New Haven, supra, 392.
Section 13a-99 does not provide the plaintiff with an independent cause of action. If a highway is defective because of a town's violation of the duty imposed by § 13a-99, a person injured by the defect acquires a right of action for damages pursuant to § 13a-149. Gustafson v. Meriden, 103 Conn. 598,605 (1925). See also Smith v. Milford, 89 Conn. 24, 31 (1914);Seidel v. Woodbury, 81 Conn. 65, 68 (1908). As noted above, however, § 13a-149 is not applicable to this case. Therefore, the defendant's motion is granted as to count three.
The plaintiff concedes that summary judgment should enter as to counts four and five.
A diminution in the value of real property is a measure of damages, not an independent basis for a cause of action. SeeMattegat v. Klopfenstein, 50 Conn. App. 97, 106 (1998). Accordingly, summary judgment may enter as to count six.
The plaintiff agrees that summary judgment should enter as to count seven.
The defendant's motion for summary judgment is, accordingly, granted as to all seven counts of the complaint.
Moraghan, J.