WILLIAM S. DOWNS ET AL. *vs.* THE CITY OF ANSONIA.

Third Judicial District, Bridgeport, April Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Unless made liable by statute a municipal corporation is not responsible for constructing and maintaining its highways at such a grade as to cause the surface water thereon to flow upon the adjoining premises.
It is immaterial that the municipality might at a reasonable expense have so graded its streets as to have prevented such flow.
Section 2683 of the General Statutes authorizes those who are charged with the construction or repair of highways, to "make or clear any watercourse or place for draining off water therefrom into or through any person's land," provided such drainage shall not be into or upon any door-yard in front of any dwelling-house. *Held* that merely raising or changing the grade or surface of a highway, although it might cause surface water to flow upon lands of adjoining proprietors, did not constitute the making or clearing of a watercourse or place for draining off the water, within the meaning of § 2683.

Submitted on briefs April 17th—decided May 22d, 1900.

ACTION to recover damages for injury to the plaintiffs' premises caused by surface water, brought to the Court of Common Pleas in New Haven County and reserved by that

court, *Studley, J.*, upon an agreed finding of facts, for the consideration and advice of this court. *Judgment advised for the defendant.*

The plaintiffs are the owners of land with a dwelling-house thereon, in the town of Derby, bounded north and east by Division Street, the grade of which, on the east of plaintiffs' premises, rises toward the south, and the surface of which opposite the plaintiffs' land slopes toward the west. Northeasterly from the plaintiffs' premises Rufus and Grove streets enter Division Street, at grades descending toward Division Street. Division Street has been maintained as a highway for more than fifty years. It is the duty of the defendant to maintain and repair it, and also Rufus and Grove streets.

The plaintiffs' lot or yard is immediately north of their dwelling-house, and is lower than the surface of Division Street, which bounds it on the north and east, and of Seymour Avenue, which bounds it on the west.

There is no watercourse, gutter, or drain, upon or along the sides of either of said streets, and excepting as it has maintained and repaired said streets at said grades, the defendant has in no way constructed any drain, place or gutter of any kind by which to drain the water from either of said streets into or through the plaintiffs' premises. No work has been done upon Division, Rufus or Grove streets, other than occasional repairs to the surface of the streets, since the erection of the plaintiffs' house in 1892. Grove, Rufus and Division streets are so constructed, and the natural surface of the ground, other than the plaintiffs' premises, is such, that they collect the surface water from a considerable watershed adjoining them, and the water thus collected is carried down the surface of each street and collects in a large open space on Division Street, immediately adjoining the plaintiffs' lot, and in times of heavy rain is discharged from said streets upon the plaintiffs' lot, to a depth of from one to two feet, which has at times percolated through into the plaintiffs' cellar to the depth of more than two feet.

At a reasonable expense the defendant can maintain

Division, Grove and Rufus streets, so that the surface water collected thereon will not be discharged upon any part of the plaintiffs' land.

*Edwin B. Gager*, for the plaintiff.

*V. Munger*, for the defendant.

HALL, J. This action is based upon § 2683 of the General Statutes, which permits "persons authorized to construct or to repair highways " to "make or clear any watercourse or place for draining off the water therefrom into or through any person's land," with a proviso that such water shall not be drained into any "door-yard in front of any dwelling-house," etc.

The amended complaint alleges that the defendant was authorized to construct and repair Division, Grove and Rufus streets. The first count avers that the defendant, sometime prior to 1897, in a negligent manner, made a place along the westerly side of Division Street, for a distance of about 200 feet adjoining the plaintiffs' land, for draining off the water from said streets into the plaintiffs' door-yard. The second count alleges that in July and August, 1897, and for a long time previous, the defendant constructed and maintained Division Street so that the traveled path was higher than the plaintiffs' adjoining land, and so unlawfully permitted the water from said street to drain upon the plaintiffs' door-yard. The third count avers that said three streets being situated on higher ground than the plaintiffs' premises, the defendant had constructed and maintained Grove and Rufus streets, which join Division Street opposite the plaintiffs' premises, so that the water from them was discharged upon the surface of Division Street, and the water from all of said streets unlawfully discharged upon the plaintiffs' door-yard. The plaintiffs claim damages by force of the statute.

The facts of record do not render the defendant liable under either count of the complaint.

The defendant has not made or cleared any watercourse.

There appears to have been none upon Division Street. That term usually denotes a stream, running within defined banks. As used in § 2683 it does not mean the flow of surface water from a highway in times of heavy rain fall, and without any definite channel. Anderson Law Dict.; *Gillett* v. *Johnson,* 30 Conn. 180, 183.

The defendant's agents in constructing, grading and repairing the streets in question, appear to have done no act the purpose of which was to conduct water into or through the plaintiffs' land. The record says: " No attempt has been made by the defendant to construct any drain, place or gutter of any kind by which to drain the water from either street upon the plaintiffs' premises, except as may be inferred from the fact that the streets are maintained by the defendant so that the water flows from said streets upon the plaintiffs' premises." The mere raising or changing of the grade or surface of a highway for its necessary improvement, though it may cause surface water to flow upon the lands of adjoining proprietors, is not the making or clearing of a place for draining off the water from such highway into or through the land of such adjoining owner, within the meaning of § 2683. *Byrne* v. *Farmington,* 64 Conn. 367, 375.

But it is not clear from the record that the flow of water upon the plaintiffs' land is the result of any act of the defendant in constructing, maintaining or grading these highways.

The plaintiffs' yard into which the water flows is lower than Division Street, the surface of which opposite the plaintiffs' land slopes toward the west. The grades of Rufus, Grove and Division streets descend toward the plaintiffs' land. Apparently this was the condition of things for many years before the plaintiffs' house was built, and it is not inconsistent with the finding that it is the result of the natural grades of these highways and of the plaintiffs' land, rather than of any change made by the defendant.

The complaint in the second and third counts charges the defendant with having caused the plaintiffs' injury by its wrongful acts in the construction and maintenance of these

streets. It does not charge the defendant with negligence in having failed to provide suitable gutters or drains to carry off the surface water and prevent it from flowing over the natural grades of these streets into the plaintiffs' yard.

But if the finding means that the flow of water into the plaintiffs' land was caused by the defendant's acts in constructing and grading these three streets, the plaintiffs have no right of action against the city of Ansonia, upon the facts stated.

As we have said, § 2683 does not apply to cases where the only act by which surface water is made to flow upon private property is the necessary construction of a street at a grade higher than that of the adjoining land, or a change in the grade of a street, or the sloping of the surface of a street in order to carry off surface water from the road bed. No claim is made by the plaintiffs under any other statute.

The common law furnishes no remedy for such an injury. "The law in this State must be regarded as settled, that towns and cities charged with the maintenance of public highways may change the grade of streets and highways from time to time, as the wants of the public may require, without being liable for the incidental and necessary damage caused thereby to the adjoining proprietors." *Healey* v. *New Haven*, 47 Conn. 305, 313. This rule is now modified by Chap. 211 of the Public Acts of 1895, under which, however, no claim can be made in this case.

In the maintenance of its highways the defendant was discharging a duty imposed by the State for the benefit of the public, in the proper performance of which it incurred, in the absence of any statutory enactment, no liability for consequential injuries to private property. *Hollister* v. *Union Co.*, 9 Conn. 436, 445.

It is immaterial that the defendant might at a reasonable expense have so graded these streets as to prevent the flow of surface water upon the plaintiffs' premises. It was for the municipal authorities to decide how these streets should be graded for the accommodation of the public. *Hoyt* v. *Danbury*, 69 Conn. 341, 352; *Healey* v. *New Haven, supra.*

The facts found show no negligence on the part of the defendant either in the work of constructing or of grading these highways. It was a part of the defendant's duty in the proper maintenance of its streets to cause the surface water to be turned from the road bed. In case of heavy rains the water so turned from the road is liable to flow upon the land of adjoining owners. If the surface water from these highways has flowed upon the plaintiffs' land, simply as the result of the defendant's act in constructing these roads at their present grade, or in changing their grade for the benefit of public travel, or in grading them so as to carry the surface water from the road bed, the plaintiffs are not entitled to recover. Gould on Waters (2d ed.) §§ 269, 270; *Judge* v. *Meriden*, 38 Conn. 90; *Bronson* v. *Wallingford*, 54 id. 513, 520; *Byrne* v. *Farmington, supra.*

The Court of Common Pleas is advised to render judgment for the defendant.

Costs in this court to be taxed in favor of the defendant.

In this opinion the other judges concurred.