## The Borough of Torrington *vs.* James F. Messenger et ux.

First Judicial District, Hartford, October Term, 1901.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Section 2683 of the General Statutes provides that those who are authorized to construct or repair highways may make or clear any watercourse or place for draining off the water therefrom, "into or through any person's land so far as necessary to drain off such water," but that this shall not be construed to allow drainage from the highway "into or upon any door-yard in front of any dwelling-house." *Held* that the locality thus protected was not to be confined to that portion of the yard which lay between the house and the street and between lines drawn to the street parallel to the

sides of the house, but that the words had a broader meaning and were equivalent to " front door-yard."

Whether all the provisions of the statute, if given their full, unrestricted scope and meaning, would be constitutional, *quære.*

Argued October 2d, 1901—decided January 8th, 1902.

ACTION to restrain the defendants from interfering with or preventing the plaintiff from clearing a watercourse and natural drain through the defendants' land, and from filling up the same or otherwise obstructing the flow of surface water from a highway, brought to the Court of Common Pleas in Litchfield County and tried to the court, *Bradstreet, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *Error and judgment reversed.*

The defendants are the owners of a house lot with dwelling thereon fronting upon a strip of land within the plaintiff borough, claimed by it to be a highway and known as Prospect Street Extension. The *locus* was, until 1889, unimproved land. Said street extension was then opened and developed for travel, and shortly thereafter building lots were sold, fronting thereon. The defendants' lot is one lying on the easterly side thereof and extending back to a stream known as East Branch stream. The slope of the land is easterly, and before 1889 a "depression or small ravine," acting as a waterway, extended from several springs, which were west of said street extension, across its location and along the southerly side of the land now of the defendants, to said stream. Surface water over a considerable area passed off through this "ravine." When said extension was opened the roadway was graded up and a culvert was built under it. Into this culvert the drainage of the roadway was directed, and in the course of the development of the neighborhood the surface drainage of streets, and, incidentally, of other lands, has come into it increasingly. The lot of the defendants was built upon in 1892 and graded, a stone drain—succeeded by a tile one— having been laid to do the work of the "ravine;" over the drain the lot was filled in several feet, and a driveway constructed over it in part. The drain extended, as did the "ra-

vine," from the front of the lot along the south side thereof between the south boundary line and the house, which stood six feet from the line, back to the rear of the lot. In 1897 said drain, either because it had become choked up or was in itself insufficient in size to carry off the surface water which then came to it, was oftimes so inadequate that said extension was not properly drained. The plaintiff's officers then requested the defendants to open up the "ravine," or watercourse as they claimed it to be, so that the water might drain off from the highway. The defendants declining, plaintiff's officers entered upon the defendants' land and began to open a deep trench across it, tearing up the defendants' lawn and driveway and throwing up dirt and stones against the foundations of his house. The defendants resisting, the present proceeding was begun.

*Leonard J. Nickerson* and *Frank B. Munn*, for the appellants (defendants).

*Charles G. Root*, for the appellee (plaintiff).

PRENTICE, J. This appeal states thirty reasons therefor. Our view of the case renders it unnecessary to consider more than one of them. In some of its possible aspects the case suggests certain important questions. Not the least of these, perhaps, is one as to the construction to be given to § 2683 of the General Statutes, upon which the plaintiff relies for authority for its action in the premises. Any construction accorded to it must bear the test of. constitutionality, if the section is to be an operative one. Clearly, its language must be kept within such bounds that it shall not authorize the taking of private property without due process of law and just compensation. It seems quite apparent that if full meaning and scope is to be given to the language employed, as the ordinary man might read it, rights would be conferred which it would be hard to defend under constitutional limitations. We have no occasion in this case to enter upon a further discussion of this subject. We have,

however, felt it our duty to sound a note of warning to any who may wish to avail themselves of the powers conferred, or apparently conferred, by this statute, to be well advised that their action is such as is not forbidden by organic law.

The finding effectually precludes the defendants from denying that Prospect Street Extension has, since 1889, been a public highway. Both the dedication of the land to highway uses by the land owners in that year, and the acceptance by the public, are distinctly found. The finding likewise forecloses all contention that the situation involves only a consideration of conditions arising from the disposition of mere surface water. Under the finding the " depression or ravine " through the defendants' lot was, or rather contained within it, a watercourse, as the court held. The water flowed, and from time immemorial had flowed, in a defined channel therein. *Gillett* v. *Johnson*, 30 Conn. 180. The rights of the parties incident to the *locus* must therefore be determined upon these premises established by the finding.

The plaintiff asks the court for its protection in going upon the defendants' land to dig up the ground and open up the watercourse, to the end that full and free passage of water from the adjacent highway may be hereafter had. The court below accorded this protection by permanently enjoining the defendants from " any further obstruction or interfering with the plaintiff's use as a drain of a natural stream of water flowing on and across the said tract of land."

The plaintiff bases its claim to exercise the rights contended for, solely upon the statute to which we have called attention. This statute, however, contains an important express exception. The language is, " provided that nothing in this section shall be so construed as to allow the drainage of water from such highways into or upon any dooryard in front of any dwelling-house," etc. The court has found that the " watercourse and drain which the plaintiff proposed to clear was not in any dooryard in front of any dwelling-house." That is quite true, if by dooryard " in front " of a

dwelling-house, as the term is used in the statute, is meant only that portion of a dooryard which lies strictly in front of the house, that is, between the house and street and between lines drawn from the house to the street parallel to the sides of the house. The course of the drain in question lies just outside these parallel lines. Plainly the statute uses its language in no such narrow meaning. The words " in front of," etc., plainly qualify " dooryard." They do not fix a place in the dooryard where water may not be drained. The words taken together are equivalent to " front dooryard," and these words have no such confined signification as the plaintiff's contention compels. Whether we look at the language, or manifest spirit and intent of the exception, the result is the same in excluding the strained and narrow interpretation.

It should be borne in mind also, in reading this statute, that it is one in derogation of private rights, and therefore should be strictly construed against its grant of power. For every reason, therefore, it is apparent that the court below erred in holding that the waterway sought to be opened up was not in the defendants' dooryard in front of his dwelling-house. The statute, accordingly, fails as a justification for the court's order, and the plaintiff's claim, therefore, falls to the ground.

As the plaintiff makes no claim to any authority apart from the statute, no other question calls for our decision.

There is error and the judgment is reversed.

In this opinion the other judges concurred.