STEPHEN RUDNYAI ET AL. vs. THE TOWN OF HAR-WINTON.

First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

In building and repairing highways, a town is engaged in the per-formance of a public governmental duty imposed upon it by the State (General Statutes, § 2013), and is not liable in damages for consequential injuries to land of an adjoining proprietor, incident to the discharge of that duty, unless made so by statute. But this obligation does not carry with it authority to construct sluices and drains upon private property adjoining the highway, for the purpose of protecting it from surface water, nor the right to collect and discharge such water upon adjoining property by means of ditches and sluices built within the highway limits.

Whatever may be the constitutional limit of the powers of towns un-der General Statutes, § 2031, respecting the drainage of highways, they certainly have no right to collect in ditches alongside the highway the surface water flowing from lands above it, and dis-charge such water, by means of sluices across the road, upon the lower premises of an adjoining owner, when by a moderate ex-penditure of money the water could have been carried off so as not to injure such premises.

A town has no greater rights in the collection and discharge of sur-face water upon a highway by dedication than it has upon one regularly and formally laid out; and the mere fact that a former adjoining proprietor allowed the surface water from land above the road to be collected and discharged across the road upon his premises, before the road became a public highway, does not jus-tify the town in continuing the practice thereafter, especially if changed conditions render the flow more burdensome and inju-rious to the new owner.

Argued May 1st—decided June 4th, 1906.

SUIT to restrain the maintenance and use of a sluiceway across a highway, whereby surface water in considerable quantity was gathered and unnecessarily discharged upon the plaintiffs' dooryard and into their cellar and well, and also for damages, brought to and tried by the Superior Court in Litchfield County, *Roraback, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

*Walter Holcomb,* for the appellant (defendant).

*Homer R. Scoville,* for the appellees (plaintiffs).

HALL, J. The plaintiffs are owners of a tract of land containing about one acre, with a dwelling-house and other buildings thereon, in the town of Harwinton, and about half a mile from the center of the borough of Torrington, bounded northerly and easterly by a highway called Weaver Hill Road, and westerly by a highway called Perkins Mill Road. The plaintiffs' land and buildings are lower than the highway upon the north and east, and than the land beyond said highway upon the north and east. The highway descends from the south and southeast toward the plaintiffs' land, and the natural grade of the land beyond the highway upon the north and east of the highway is toward the plaintiffs' house. There are no sidewalks, curbs or sewers upon either side of said road. The plaintiffs' house and barn were built in 1887 by one Weaver, who then owned the land now belonging to the plaintiffs, and said Weaver and others, at about that time, built the road which is now the highway called Weaver Hill Road. The road was originally constructed in a "rough and cheap manner, no pains being taken to make it a permanent roadway." When it was so constructed, for the reason that a boulder rendered it difficult to construct a ditch along the sides of the road back of where the plaintiffs' dwelling-house now stands, a sluice was constructed at this place for the purpose of conducting, and which did

Rudnyai v. Harwinton.

conduct, across the road and upon the land then owned by said Weaver, the surface water which was collected by a ditch above on the northerly and easterly side of said road. Since said road was accepted as a public highway in 1889, the defendant town has maintained said sluice, which is not now in working order, and a breakwater on the top of said sluice, in such a way as to continue to conduct upon the land now belonging to the plaintiffs whatever surface water is collected by said road, and by the ditch on the north and east of it, from the slope lying easterly of it. Since said road was accepted as a highway, the land lying easterly and higher than said sluice and breaker has been cleared, a new road extending up easterly from Weaver Hill Road has been opened, and new buildings have been erected, thereby greatly increasing the flow and drainage of water from this section down to and over said breaker and in and through the land owned by the plaintiffs. In times of heavy rain the water so conducted upon the plaintiffs' land runs into their well and cellar, overflows their yard, and flows from the back part of their lot around into their front dooryard. The water has been so turned upon the plaintiffs' premises by the town for several years, without the permission of the plaintiffs and against their protest.

Upon these facts the trial court rendered judgment for the plaintiffs for $75 damages, and enjoined the defendant from continuing to so conduct said water upon the plaintiffs' premises.

The dedication and acceptance of the old road as a public highway, under the circumstances described, gave to the town the right to dispose of the surface water coming upon it only in the manner required in properly maintaining and repairing a public highway. The fact that the plaintiffs' predecessor in title had permitted the surface water to be conducted upon his own land from the old road, under the conditions then existing, and before it became a public highway, did not justify the defendant in thereafter continuing to conduct such water upon the plaintiffs' land against their objection and under materi-

ally changed conditions, if such acts were not authorized by the law imposing upon the defendant the duty of maintaining and repairing its highways.

In maintaining and repairing the highways within their limits, municipalities act as agents of the State in the performance of a public duty, a duty imposed upon them by the State for the benefit of the general public. They are for that reason, in the absence of any statute creating such liability, not responsible in damages for the consequential injuries to private property abutting upon the highway, which flow from or are incident to the performance of such duty. *Judd* v. *Hartford*, 72 Conn. 350, 353, 44 Atl. 510; *Bartram* v. *Sharon*, 71 Conn. 686, 692, 43 Atl. 143; *Healey* v. *New Haven*, 47 Conn. 305, 313. And in the performance of such duty they are necessarily the final judges of the needs of the public and of the manner in which such highways should be maintained and repaired, unless by statute their action may be reviewed by the courts or some other tribunal. *Healey* v. *New Haven*, 47 Conn. 305. We have held that in the performance of such duty a city was not liable in damages for injuries to the land of an adjoining proprietor caused by diverting upon it surface water which had accumulated upon the highway by reason of the failure of the city to provide suitable sluiceways to carry it off; *Judge* v. *Meriden*, 38 Conn. 90; that a borough was not liable in damages when, with a view of protecting its streets from damage, it changed the course of the surface water upon them, so that it flowed upon the land of an abutting proprietor; *Bronson* v. *Wallingford*, 54 Conn. 513, 520, 9 Atl. 393; that a town was not liable for damage to private property caused by the flowing upon it of surface water which had accumulated upon the highway by reason of the negligent failure of the town authorities to open and clear a culvert to allow it to pass from one side of the highway to the other; *Byrne* v. *Farmington*, 64 Conn. 367, 373, 30 Atl. 138; and that a city was not liable for injuries from the discharge of surface water upon adjoining land caused by the manner

in which certain streets had been constructed and maintained by the city; *Downs* v. *Ansonia*, 73 Conn. 33, 37, 46 Atl. 243.

But municipal immunity from liability for injuries resulting from the maintenance and repair of highways, does not extend beyond the governmental duty imposed by the State. *Judd* v. *Hartford*, 72 Conn. 350, 354, 44 Atl. 510. The statute imposing upon towns the duty of building and repairing necessary highways within their respective limits, does not authorize them, in the discharge of that duty, for the purpose of protecting their highways from surface water, to make use of the adjoining private property by constructing sluices and drains upon it, or by discharging upon it, by means of sluices or ditches or other structures designed for that purpose, the surface water which has accumulated because of the manner in which the road has been constructed, or has been collected by means of gutters or ditches on the sides of the roads. *Danbury & N. R. Co.* v. *Norwalk*, 37 Conn. 109, 119; *Whipple* v. *Fair Haven*, 63 Vt. 221, 21 Atl. 533; *Inman* v. *Tripp*, 11 R. I. 520. *Seifert* v. *Brooklyn*, 101 N. Y. 136, 4 N. E. 321; 30 Amer. & Eng. Ency. of Law (2d Ed.), p. 339. When a municipality directs the performance of such an act, not within the scope of the imposed governmental duty, it becomes liable like any other wrong-doer for the resulting injury. *Judd* v. *Hartford*, 72 Conn. 350, 44 Atl. 510; *Colwell* v. *Waterbury*, 74 Conn. 568, 573, 51 Atl. 530.

But the defendant claims that it was authorized to conduct the water upon the plaintiffs' land, in the manner it did, by the provisions of § 2031 of the General Statutes. The law which is the subject of that section, as originally adopted in 1731, provided that " whereas many watercourses, and places where waters in wet times do dreyn off, do often times thrô the washing of the streets and improved lands fill up, . . . it shall be lawful for the surveyours of highways to clear such watercourses, (or places where water may dreyn off from such highways,) into or through any persons land, so far as may sufficiently dreyn

such highway." 7 Col. Rec. p. 322. In the Revision of 1875 it was made to read : "Persons authorized to repair highways may make or clear any water-course, or place for draining off the water therefrom, into or through any person's land, so far as necessary to drain off such water." Rev. 1875, p. 233, § 16. In 1881 (Public Acts 1881, p. 34, Chap. 65) it was enacted in the form in which it now appears in § 2031 of the present Revision, and provided that "persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water; and when it shall be necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land. . . ." This language is sufficiently comprehensive to include not only the construction of drains and ditches upon the land of adjoining owners, when necessary to protect highways from water, but also the construction of sluices and drains upon the highways themselves for the purpose of discharging upon the adjoining land the water collected upon the highways, and by ditches upon the sides of the roads. The statute contains no provision for compensation for any injury caused by such use of the adjoining land. If it can be said to authorize a municipality to make such use of private property without compensation, which may well be doubted, as suggested in *Torrington* v. *Messenger*, 74 Conn. 321, 50 Atl. 873, the words of the statute, "so far as necessary to drain off such water," are to be construed as meaning when there is an actual necessity for it, and when there is no other feasible or reasonable way of protecting the highway from such water ; and it must then be done " in such way as to do the least damage to such land." Whether, even under such circumstances, it could be done without compensation to the owner, we need not decide, as the court has found that in order to dispose of the water collected upon the highway in the manner described it was not necessary to

turn it upon the plaintiffs' land, but that by a moderate expenditure of money it could have been and still could be carried off by the ditches upon the sides of the road and so as not to injure the plaintiffs' property. And it is further apparent from the finding that in turning the water upon the plaintiffs' land no effort has been made to do so "in such way as to do the least damage to such land." The town was properly held liable in damages and the injunction was properly granted.

Upon the evidence before us we find no error in the refusal of the court to correct the finding as requested by the defendant. From the fact that the trial judge viewed the premises, as well as from his certificate attached to the evidence printed, it appears that we have not all the relevant evidence before us.

There is no error.

In this opinion the other judges concurred.