GEORGE S. POSTEMSKI *v.* VERNA L. WATROUS

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 8—decided November 5, 1963

*Irwin I. Krug,* for the appellant (defendant).

*Herbert A. Lane,* with whom, on the brief, was *Lewis Segal,* for the appellee (plaintiff).

ALCORN, J. The plaintiff sued to recover damages for an alleged breach of a covenant against encumbrances contained in a deed of real estate executed by the defendant. The trial court found for the plaintiff, and the defendant has appealed.

The case was presented to the trial court on a stipulation of facts which has not been made a part of the record. Since no oral evidence was presented, no finding of subordinate facts was necessary, and ordinarily none would be proper. *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30, 175 A.2d 186. The court in fact made no finding. The defendant has filed a "Waiver of Request for Finding," stating that a finding is unnecessary and requesting us to consider the facts appearing in the memorandum of decision "since said facts are admitted and undisputed by the *defendant.*"[1] The plaintiff, however, in his brief, disputes facts appearing in the memorandum of decision. See *Dime Savings Bank* v. *Bragaw,* 125 Conn. 281, 284, 4 A.2d 924. On such a record, we are confined to the material facts which appear from the pleadings and judgment. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260.

---

[1] The italics are ours.

The admitted allegations of the complaint are as follows: On June 5, 1959, the defendant, by deed, conveyed to the plaintiff, in fee simple, 1.48 acres of land described by metes and bounds, bordering on a state highway. The deed contained a covenant that the defendant was seized of a fee simple estate in the property "and that the same is free from all incumbrances whatsoever, except as hereinbefore mentioned." The paragraph reciting the exceptions referred to stated: "The above described premises are subject to a right of way to the Hartford Electric Light Company as described in Vol. 22, page 162, of . . . [the Columbia] Land Records, and are further subject to building lines, if established, and all provisions of any Zoning and Planning Commission regulations and ordinances, enacted by the Town of Columbia, and any and all provisions of any ordinance, municipal regulation, or public or private law." The plaintiff has erected a garage on the premises and now conducts a garage business there.

The answer denied an allegation that when the deed was delivered, the premises were subject to a right of way and easement in favor of the state for drainage purposes at a culvert emptying onto the land. The answer pleaded no information to allegations that the state prevented the plaintiff from filling, grading and paving the land unless he eliminated the culvert in a manner proposed by the state, which he has done at considerable expense. The pleading of no knowledge or information to these allegations is in effect a denial. Practice Book, 1963, § 83; *Lyon* v. *Wilcox*, 98 Conn. 393, 397, 119 A. 361. The judgment found the issues for the plaintiff so that the disputed allegations of the complaint were established. *Faille* v. *Hollett*, 150 Conn.

397, 399, 190 A.2d 53. Our question then is whether the facts alleged in the complaint justify a recovery of damages by the plaintiff.

Although statements of fact in a memorandum of decision do not take the place of a finding; *Dime Savings Bank* v. *Bragaw,* supra; we may consult the memorandum of decision to determine the basis of the decision. *Hirsch* v. *Thrall,* 148 Conn. 202, 206, 169 A.2d 271; *DiCostanzo* v. *Tripodi,* 137 Conn. 513, 514, 78 A.2d 890. In its memorandum, the court concluded that the state has no drainage right over the land by prescription, but that, by virtue of General Statutes § 13-18, it does have a drainage easement consisting of a right in the land which diminishes the value of the land and which therefore constitutes an encumbrance, the existence of which created a breach of the defendant's covenant in the deed and entitled the plaintiff to damages.

The single assignment of error attacks the court's conclusion that the state has a drainage easement which constitutes an encumbrance violative of the covenant that the property was "free from all incumbrances whatsoever." No point is made of the language in the deed which includes among the exceptions from the covenant "any and all provisions of any . . . public or private law." Consequently, we do not consider the bearing, if any, of that language on the liability imposed on the defendant by the judgment appealed from.

The court's conclusion that the state had acquired no drainage right by prescription cannot be disturbed because facts are lacking with which to test the correctness of that conclusion. The facts to be gleaned from the pleadings and judgment, although scanty, are sufficient, however, for us to examine the soundness of the court's conclusion as to the effect

to be given to § 13-18 of the General Statutes, quoted in the footnote.[2] The effect which the trial court gives to the statute embraces a construction which, over the years, we have carefully avoided. In *Torrington* v. *Messenger,* 74 Conn. 321, 50 A. 873, we pointed out (p. 325) that the statute is in derogation of private rights and therefore should be strictly construed against its grant of power. We said (p. 323): "Clearly, its language must be kept within such bounds that it shall not authorize the taking of private property without due process of law and just compensation. It seems quite apparent that if full meaning and scope is to be given to the language employed, as the ordinary man might read it, rights would be conferred which it would be hard to defend under constitutional limitations." If the statute is construed as creating a right in the land which diminishes its value and thereby constitutes an encumbrance, its constitutionality would be open to serious question as permitting a taking of private property without compensation. On the other hand, if it is construed

---

[2] "Sec. 13-18. HIGHWAYS MAY BE DRAINED INTO PRIVATE LANDS. Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land; provided nothing in this section shall be so construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and enclosures used exclusively for the storage and sale of goods and merchandise."

We pointed out in *Rudnyai* v. *Harwinton,* 79 Conn. 91, 95, 63 A. 948, that the law which forms the subject matter of this section had its origin in 1731. For chronology of the statute since Rev. 1902, § 2031, involved in that case, see Public Acts 1909, c. 121; Rev. 1918, § 1428; Rev. 1930, § 1428; Rev. 1949, § 2134.

only as a limitation on the state's liability for concentrating the discharge of surface water upon the land of a private owner in derogation of the common law, it has a firmer basis. At common law a landowner cannot collect surface water in an artificial volume and turn it from its natural course in an increased volume upon his neighbor's land to the neighbor's substantial injury. *Melin* v. *Richman*, 96 Conn. 686, 688, 115 A. 426; 3 Tiffany, Real Property (3d Ed.) § 742; see 28 C.J.S., Drains, § 3. The same rule applies to a governmental agency engaged in the maintenance of a highway. *Byrne* v. *Farmington*, 64 Conn. 367, 374, 30 A. 138. We have construed § 13-18 and its antecedents as having the effect of relieving the state or any person authorized to construct or repair highways from liability for making an unnatural course for concentrating the discharge of surface waters from the highway onto private lands. *Bronson* v. *Wallingford*, 54 Conn. 513, 521, 9 A. 393; *Rudnyai* v. *Harwinton*, 79 Conn. 91, 95, 63 A. 948; see also 40 C.J.S., Highways, § 186.

Decisions involving the scope of the statute have strictly limited its operation. We have held the statute inapplicable to a culvert designed to drain water from private land. *Byrne* v. *Farmington*, supra, 375. It has been held applicable only to situations in which a drain or watercourse has been artificially created and inapplicable where surface water flows naturally from the highway. *Salzman* v. *New Haven*, 81 Conn. 389, 392, 71 A. 500; *Sisson* v. *Stonington*, 73 Conn. 348, 355, 47 A. 662; *Downs* v. *Ansonia*, 73 Conn. 33, 36, 46 A. 243. We have said that it permits drains to be built only when necessary, and if there is a reasonable alternative course open, that course must be taken. *Rudnyai* v.

*Harwinton,* supra, 96; see also *Anderson* v. *Argraves,* 146 Conn. 316, 321, 150 A.2d 295; *Spitzer* v. *Waterbury,* 113 Conn. 84, 89, 154 A. 157; *Sozanska* v. *Stratford,* 112 Conn. 563, 568, 153 A. 164.

We conclude that the trial court was in error in construing § 13-18 as creating in the state an interest in and an encumbrance on the land conveyed by the defendant to the plaintiff and that the judgment awarding damages based on a breach of the covenant against encumbrances cannot stand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.