THE INVESTORS MORTGAGE COMPANY *v.*
JESSCO, INC., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 2-685-60904

Argued April 6—decided July 3, 1970

*Bernard Green,* of Bridgeport, for the appellant (defendant Steven J. Knapp).

*Frank W. Estes,* of Bridgeport, for the appellee (plaintiff).

DEARINGTON, J. The plaintiff brought this action against the defendants to recover a commission alleged to be due it for services performed in accordance with the terms of an exclusive listing agreement executed by the defendant Steven J. Knapp. After a trial the court rendered a judgment for the plaintiff against Steven J. Knapp, and he has appealed. Judgment was rendered for the defendants Ethel Knapp and Jessco, Inc., as against the plaintiff.

In his appeal the defendant Steven J. Knapp, hereinafter called the defendant, requested a finding, which request was denied because the trial court found that he had failed to comply with § 979 of the Practice Book. The court acted properly in this matter, for § 979, as amended effective July 1, 1969, provides that if an appellant desires a finding he must annex a draft finding to his request. If a draft finding is not filed, an appellant is deemed to have waived his right to a finding. The defendant failed to annex a draft finding as required. Although there was no finding, there was a memorandum of decision. A memorandum of decision cannot, however, take the place of a finding. *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 452.

Ordinarily, a finding is essential to test the conclusions reached. *State* v. *Chin Lung,* 106 Conn. 701, 717; Maltbie, Conn. App. Proc. § 126. "The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear upon the record and were put in issue by the pleas and answers thereto. *Dolbeare* v. *Dolbeare,* 124 Conn. 286, 288, 199 A. 555. Defective as this procedure is, it nevertheless makes possible the determination of the appeal. Thus, the record discloses that the court by its judgment found the issues for the . . . [plaintiff]. This means that all material and disputed allegations

in each plea were found for the [plaintiff] . . . ." *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509; see *Postemski* v. *Watrous,* 151 Conn. 183, 184.

The complaint alleged the following: The plaintiff was engaged in the business of selling real estate and employed duly licensed brokers for that purpose. Jessco, Inc., and Ethel Knapp were owners of property located at 2329-2331 Fairfield Avenue in Bridgeport. Jessco, Inc., is a family-owned corporation in which the defendant and Ethel Knapp are officers and shareholders and have actual and apparent authority to act for the corporation. On or about February 15, 1968, the defendant executed an exclusive listing agreement authorizing the plaintiff, as broker, for a period of sixty days to sell the property at 2329-2331 Fairfield Avenue at a cash price of $51,000. Under the terms of the agreement, the plaintiff was to receive a fee of 6 percent of the gross sales price if the property was sold during that period. The defendant had authority to enter into the agreement and was acting as agent for Jessco, Inc., and Ethel Knapp, and was also acting in his own interest. The plaintiff, thereafter, advertised the property and showed the property to prospective purchasers. In this work the plaintiff was assisted by the defendant and Ethel Knapp and by their son Steven, Jr., an officer of Jessco, Inc. On or about April 1, 1968, the plaintiff and its agents procured a purchaser ready, willing and able to purchase the property for $51,000 in cash. When the defendant was advised of this offer, he informed the plaintiff that the property was not going to be sold. The plaintiff is entitled to its commission under the agreement for services performed which are reasonably worth $3060.

The answer admitted that the defendant executed the exclusive listing agreement, including the terms

therein set forth. The remaining allegations were denied except the allegation that the plaintiff was engaged in the real estate business and that the plaintiff had advertised the property and shown it to prospective purchasers. To the latter allegations the answer pleaded no information. The pleading of no knowledge or information to these allegations is in effect a denial. Practice Book § 83; *Postemski* v. *Watrous,* supra, 185. The judgment found the issues for the plaintiff, so the disputed allegations were established. *Postemski* v. *Watrous,* supra. On the record, we also consider the allegations of fact as established. Ibid.

When there is no finding, we may consult the memorandum of decision to obtain a better understanding of the decision. *Hirsch* v. *Thrall,* 148 Conn. 202, 206. In its memorandum, the court stated that Joseph Pizone, on April 4, 1968, executed a contract to purchase the property for $51,000; that thereafter the defendant declined to execute the contract and refused to read it or to discuss it; and that the court thereafter rendered a judgment for the plaintiff against the defendant.

The first assignment of error, as briefed, raises the question whether a recovery may be had on one theory of liability when the complaint alleges facts supporting a different theory. On the record, we have no way of knowing whether there was a variance. An alleged variance must appear in the record, for an appellant cannot take advantage of a claim to that effect unless it is made in the trial court. *Antinozzi* v. *A. Vincent Pepe Co.,* 117 Conn. 11, 13.

In his second assignment of error, the defendant claims that he was acting as the authorized agent for another defendant (Ethel) and therefore that judgment could not enter against him individually.

The complaint alleges that the defendant was acting for Jessco, Inc., and Ethel and "was also acting in his own interest." The question thus presented is whether an agent may be held liable for payment of a commission without the principal's also being held responsible. It becomes unnecessary, however, to decide this question, for in rendering judgment against the defendant individually the court obviously concluded that the defendant was acting in his own behalf, that is, "acting in his own interest" as alleged. Such a conclusion is further supported in the memorandum of decision, wherein the court made the following statement: "The exclusive listing contract was executed by Steven Knapp as owner. There was no indication that he was signing in any other capacity than as an individual. There is likewise no evidence that the broker representing the plaintiff knew that the parcel being offered for sale was owned by anyone else than the defendant, Steven Knapp." Thus, in effect, the defendant neither held himself out as an agent nor disclosed that he was acting as an agent.

"Where an owner expressly or impliedly agrees to pay a commission but refuses to consummate the transaction, the ground upon which the broker is entitled to his commission is not because the owner owed to the broker a legal duty to convey but because the broker had fully performed the work he was employed to do. . . . 'The contract sought to be shown was one for personal service; it was not an agreement for the sale of real estate, or any interest therein or concerning the same.'" *Stagg* v. *Lawton*, 133 Conn. 203, 209. "Where a broker has produced a purchaser who is ready, able and willing to buy upon the terms prescribed by the owner, he is entitled to his commission, and the fact that no contract between the owner and the purchaser for the sale of the property has been executed does not

preclude recovery by the broker." *Finch* v. *Donella,* 136 Conn. 621, 626. "This rule does not require that the parties enter into an enforceable agreement but only that the offer of one party fairly meets the terms of the other." *Dyas* v. *Akston,* 137 Conn. 311, 313. We do not believe that this rule would be inapplicable where, as here, the defendant was not in fact the owner of the property, for he held himself out as such in seeking the services of the plaintiff. "A person employing a broker to sell property is liable to the broker for his services regardless of his interest in the property or the fact that he is not the owner thereof." 12 Am. Jur. 2d 902, Brokers, § 163. As to the right of a broker to a commission where consummation of the transaction fails because of a defect in his employer's title, see 12 Am. Jur. 2d, Brokers, § 201. Even if it be argued that in such circumstances the pleadings lacked the desired specificity, nevertheless, where a matter is contested on its merits without an objection or protest of variance, a party cannot later take advantage of variance on appeal. *Collins* v. *Erdmann,* 122 Conn. 626, 632. Limited as we are, without a finding, we cannot say that the court erred in this respect.

Finally, the defendant assigns error claiming that the action set forth a joint liability and therefore recovery against him, individually, was improper. As recited above, the complaint alleged that the defendant executed the listing agreement as owner, and this allegation was denied by the defendant; it thus became a question of fact.

Since the issues were joined, we give the complaint a reasonably comprehensive construction in determining whether the issues created by a general denial can support the judgment. *Dunn* v. *MacDonald,* 110 Conn. 68, 71. The complaint fairly discloses that the

defendant allegedly was acting in his own interest in the transaction, and that allegation, having been denied, was sufficient to support the judgment. *Taylor* v. *Lounsbury-Soule Co.,* 106 Conn. 41, 49. The defendant cites *Grillo* v. *Howe,* 4 Conn. Cir. Ct. 649, in support of his claim. In *Grillo* the plaintiff, a real estate broker, brought action against a husband and wife for a commission, claiming he had been engaged to sell real estate jointly owned by them and that he had produced a customer ready, willing and able to purchase the property on the terms fixed. It appeared that the wife executed the exclusive right to sell, representing she had a power of attorney and authority to sign for her husband. The appellate court, in reversing a judgment for the plaintiff as against both defendants, held, inter alia, that agency had not been proved. *Grillo* is distinguishable from the instant case because here there is nothing on the record to indicate that the defendant was a joint owner of the property in question.

There is no error.

In this opinion DiCenzo and Kinmonth, Js., concurred.