[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#105)
The plaintiff, Stanley Tucker brought this action pursuant to Conn. Gen. Stat. 13a-138. The plaintiff seeks to recover damages allegedly incurred when his residential hotel located at 19 Nathaniel Street, Torrington, Connecticut was flooded.
On November 6, 1990, the defendant filed a motion to strike the plaintiff's substitute complaint for failure to state a claim upon which relief can be granted and a supporting memorandum of law. The plaintiff has filed a memorandum of law in opposition to the motion to strike.
The purpose of a motion to strike is to "contest. . .the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, CT Page 94214 Conn. 1, 2 (1990). "The sole inquiry at this stage [of the pleadings] is whether the plaintiff's allegations if proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 281-82 (1989, Schaller, J.) When considering a motion to strike based on a claim of failure to state a cause of action, the court should "take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651, 659 (1988).
Conn. Gen. Stat. 13a-138 provides in relevant part:
 (a) Persons authorized to construct or repair highways may make or clear any watercourse or place of draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such a way as to do the least damage to such land.
 (b) Nothing in this section shall be so construed as to allow the drainage of water from om such highways into, upon, through or under the yard of any dwelling house. . . .
The defendant in support of the motion to strike claims that there is no liability for surface water that flows naturally from the highway. The defendant argues that any damage to the plaintiff's property was caused by a storm.
Paragraph 8 of the plaintiff's substitute complaint states: "Since the flood of August 1986 the Torrington Water Company ran water lines in Nathaniel St. rebuilding the curbs improving water drainage but still street water has flooded plaintiff's yard and building causing damage." This allegation refers only to the Torrington Water Co. and not the named defendant.
The statute (13a-138) has been held "applicable only to situations in which a drain or watercourse has been artifically created and inapplicable where surface water flows naturally from the highway." Postemski v. Watrous,151 Conn. 183, 188 (1963). The only allegations directed to the Town of Torrington concern its referral "to abate the running of storm water into the street."
The plaintiff has not pleaded facts sufficient to state a cause of action pursuant to Conn. Gen. Stat. 13a-138 and the motion to strike is therefore granted.
PICKETT, J.