[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16903
The plaintiff, Homeside Lending, Inc., filed a complaint on December 10, 1998, alleging that the defendants,[1] Edwin M. Torres and Rebecca Torres, were in default on a note secured by a mortgage on property located in New Haven, Connecticut. As the alleged owner and holder of the note and mortgage, the plaintiff seeks foreclosure of the mortgage, possession of the property, money damages, attorney's fees, interest, costs, a deficiency judgment and any other relief as the court deems just and equitable.
The following facts are alleged by the plaintiff. Inner City Community Housing Corporation and North American Mortgage Company were the original parties to the mortgage and note which was executed on August 8, 1995 and recorded on the land records on August 28, 1995. On June 21, 1996, the North American Mortgage Company assigned the note and mortgage to the plaintiff, Homeside Lending, Inc. The defendants assumed the note and mortgaged deed on November 20, 1995, and the assumption agreement was recorded on the land records on November 28, 1995. Said note is in default, and the plaintiff has elected to accelerate the balance due on the note and to foreclose the mortgage securing the note. The defendants filed an answer and five special defenses on May 10, 1999. An amended disclosure of special defenses dated September 15, 1999, was filed by the defendants to correct clerical errors and errors concerning the names of the parties.
The following additional facts are asserted by the defendants in their special defenses. The mortgage sought to be foreclosed upon is a 203K HUD (Federal Department of Housing and Urban Development) backed rehabilitation mortgage. The nature of this mortgage is that the obligation to release funds is ongoing as rehabilitation work on the property is completed. The defendants were participants in New Haven's Livable Cities Initiative ("LCI") for low to moderate income first time home buyers. The purchase price paid by the defendants to Inner City Community Housing Corporation (acting on behalf of LCI) included $50,400.00 that Inner City Development Corporation had paid to acquire the property from a bank in a transaction which did not reflect the market value of the property. The purchase price also included an additional $24,600.00 that was incurred when Inner City Development Corporation "flipped" the property by buying and selling it between Inner City Development Corporation and related persons and entities. Defendants claim that because of these CT Page 16904 facts, the mortgage is offensive to public policy and violates CUTPA.
The plaintiff moves to strike the answer and all five special defenses on the grounds that 1) the special defenses do not attack the making, validity and enforcement of the note and mortgage; 2) the special defenses are not recognized defenses to a foreclosure action; 3) there is no duty between a lender and a borrower; 4) the plaintiff is a holder in due course; 5) the answer fails to admit or deny execution of the loan documents; and 6) the assumption agreement released the plaintiff and its predecessors.
A special defense pleads facts that are consistent with the plaintiffs claim but show that the plaintiff nonetheless has no cause of action. See Practice Book § 10-50. "[A] plaintiff can [move to strike] a special defense . . . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 658 A.2d 172
(1995). "In its ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[I]f facts provable under the allegations would support a defense . . . the . . . [motion to strike] must fail." (Internal quotation marks omitted.) Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) GMAC Mortgage Corporation v. Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.); Mundaca Investment Corp. v.Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.). CT Page 16905 "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) GMAC Mortgage Corporation v. Nieves, supra, Superior Court, Docket No. 164925; Rinere v. M. KalfusBuilding Design Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 388220, (January 30, 1997,Celotto, J.).[2]
Authority exists for striking the first four special defenses, as they fail to attack the making, validity or enforcement of the note. The defendants claim in their first special defense that the plaintiff as the assignee of the mortgage "stands in North American's shoes with respect to any and all defenses and counter claims" and that "the final mortgage amount far exceeded the actual value of the property" because Inner City Development Corporation "flipped" the property by buying and selling it between their own subsidiaries and that "the plaintiff . . . was in a position to have knowledge of [this]." The plaintiff asserts that there exists no duty between a borrower and a lender, that this defense does not attack the making, validity, or enforcement of the note, and furthermore, that the plaintiff, as a holder in due course, took the note and mortgage free from all defenses.
The first special defense is stricken due to its failure to address the making, validity or enforcement of the note. The alleged misconduct of the plaintiff is "based on factors outside of the note or mortgage." Nationbanc Mortgage Corp. of New Yorkv. Correl, Superior Court, judicial district of New London, Docket No. 108152 (January 26, 1999, Mihalakos, J.). Assuming arguendo that the practices alleged by the defendants are true, they amount to an act or procedure by the mortgagee. Furthermore, because such alleged act or procedure occurred before the property was sold to the defendants, it cannot be said to attack the making, validity or enforcement of the mortgage and/or note. "Courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior or CT Page 16906 business practice of the mortgagee." Derby Savings Bank v.Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.).
The defendants claim in their second special defense that the assumption of the note and mortgage is null and void because "upon information and belief North American Mortgage Company knew or reasonably should have known `improvements' to the property the cost of which were included in the final mortgage amount, were not complete or completed in a sub-standard fashion which resulted in North American Mortgage Company permitting the defendant to assume costs for work not actually performed." Furthermore, the defendants claim that because the mortgage was HUD backed, there was no incentive for North American Mortgage Company to ensure the property was rehabilitated properly. The defendants claim that this amounts to a violation of CUTPA. The claims in the defendants' second special defense do not attack the making, validity, or enforcement of the note. The alleged actions of failing to insure that the property was rehabilitated properly amount to an act or procedure of North American Mortgage Company rather than facts which attack the making, validity or enforcement of the note itself. As stated previously, "[c]ourts have held that defenses to foreclosure are recognized when the attack the note itself rather than some behavior or business practice of the mortgagee." Derby Savings Bank v. Benedetti, supra, Superior Court, Docket No. 050760. If the allegations made by the defendants are true, the actions of the plaintiff, or the preceding mortgage holder, may have been reprehensible, but such claims are not defenses to a foreclosure action.
The defendants claim a CUTPA violation in their third special defense because North American Mortgage Company failed in its responsibility to appraise the subject property accurately and "which failure breached its duty to the defendants." In GMACMortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997,West, J.), the court granted the plaintiffs motion to strike the defendant's special defense that they "had notified the plaintiff before the foreclosure proceeding . . . that they needed a modification of the interest rate . . . ." In striking the special defense, the court stated, "[u]nless provided for in the loan documents, the lender has no duty to enter into workout negotiations with a mortgagor, therefore, a failure to do so does not implicate the making, validity or enforcement of the note."GMAC Mortgage Corp. v. Ferrante, supra, Superior Court, Docket CT Page 16907 No. 343559. Similarly, in the present case as there is no duty to perform an accurate appraisal of the property, an allegation of the failure to do so does not implicate the making, validity or enforcement of the note. Connecticut courts have not "impose[d] a duty on a bank to obtain an accurate appraisal for the benefit of the borrower when the borrower has not requested or indicated his reliance on one." GE Capital Mortgage v. Klett, supra, Superior Court, Docket No. 552540. In Cordtz v. Arbor National Mortgage,
Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317401, (March 10, 1995, Freedman, J.) the court stated that, "[o]rdinarily, there is no relationship between a potential lender and a loan applicant upon which to predicate a duty to perform an accurate appraisal of the benefit of the loan applicant." Because there is no duty on the part of a lender to provide an accurate valuation of the property, it naturally follows that this appraisal does not address the making, validity, or enforcement of the note.
In their fourth special defense, the defendants claim that the plaintiff "breached its contractual obligation arising from the note and mortgage in that it has failed to release insurance proceeds . . . to the defendants." This defense does not attack the making, validity or enforcement of the note. Superior Court decisions have established that "defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note." Federal National Mortgage v. Mallozzi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.). See also PNC Bank v.Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999, West, J.) (court denied special defense based on plaintiffs failure to use insurance proceeds to repair mortgaged property stating, "[i]n as much as this alleged breach of contract does not involve the making, validity, or enforcement of the mortgage, it is an invalid defense.") None of the claims made in the defendants' fourth special defense attack the making, validity or enforcement of the note but rather attack an act of the plaintiff that occurred subsequent to the execution of the note and mortgage. As such, the plaintiffs motion to strike the fourth special defense is granted.
Similar to the fourth special defense, the defendants' fifth special defense does not attack the making, validity or enforcement of the note. The defendants' assertion that "[t]he CT Page 16908 outcome of this pending litigation is interconnected with this foreclosure action to such a degree that its resolution will render the foreclosure moot" is neither a recognized defense to a foreclosure action nor attacks the making, validity or enforcement of the note. "[While] foreclosure proceedings rely on the equitable nature of the proceedings as a ground for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary." Shoreline Bank Trust Co. v.Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.) (8 Conn. L. Rptr. 522). The defendants' fifth special defense is stricken.
The plaintiff has also moved to strike the defendants' answer on the ground that it neither admits nor denies the execution of the Assumption Agreement. The plaintiff argues that execution of the loan documents is within the knowledge of the defendants and is required to be admitted or denied unless the defendants are unavailable to counsel or are incapacitated. The defendants argue 1) that the plaintiffs proper remedy was to file a request to revise, 2) there is no authority to strike the entire complaint even if one clause is subject to being struck and 3) there is no support for striking a complaint due to insufficient knowledge or information. The defendants note additionally that the "alleged assumption agreement was not attached to the complaint as purported."
In Postemski v. Watrous, 151 Conn. 183, 185, 195 A.2d 425
(1963) the court stated that the defendant's answer "pleaded no information to allegations. . . . The pleading of no knowledge or information to these allegations is in effect a denial." Additionally, a Superior Court decision has stated: "It is well established that the plaintiff has the burden of proof to establish any allegations that are denied by the defendant[s]. . . . The fact that [the defendant] has answered that she has insufficient knowledge as to certain allegations places no more burden upon the plaintiffs or the court than if she had denied the allegations of those paragraphs." OcwenFederal Bank FSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547269 (August 11, 1999,Mihalakos, J.). The court finds that the defendants' claim of insufficient knowledge amounts to a denial and therefore denies the plaintiffs motion to strike the answer.
Donald W. Celotto Judge Trial Referee CT Page 16909