MARY B. RAMBUSH, ET AL.

vs.

TOWN OF SALEM

Superior Court      New London County      File #11225

Present: Hon. FRANK P. McEVOY, Judge.

Gruskin & Gruskin,      Attorneys for the Plaintiff.

J. J. Floyd,      Attorney for the Defendant.

## MEMORANDUM FILED MARCH 24, 1936

McEVOY, J. For many years before and at the time of the institution of this action the plaintiff, Mary Rambush, was in possession of the premises in question and the plaintiff, Fernande Phillips, was the owner of these premises.

The plaintiff, Mary Rambush, used and occupied the premises and planted certain portions of them and used the vegetables which she obtained for her family and also sold some of them.

During the year 1932 the defendant laid a twelve-inch metal culvert diagonally across West Road from west to east and caused accumulated water to be cast upon the land occupied by the plaintiff, Mary Rambush.

During the year 1933 the defendant caused repairs to be made to West Road; changed its grade substantially and replaced the twelve-inch culvert with an eighteen-inch culvert.

As part of the general alteration of the road; the char⌣⌣g of the grade; the increasing of the diameter of the culvert and the diversion of the flow of the drainage and surface waters, the gathered waters were caused to be cast upon the land occupied by the plaintiff, Mary Rambush, so that they flowed across and down and over the land which was previously under cultivation.

It would have been feasible and comparatively inexpensive to have diverted the water from the point where it entered the westerly side of the sluiceway so that it would have been carried southerly along the westerly side of West Road.

If this work had been done when the machinery was on hand and when the men were there a reasonable expense for drilling through the rocks on the westerly side of the highway and carrying the water through the rocks and southerly along the westerly side of the highway would have been between fifty and one hundred dollars.

Formerly there was a natural "ditch" along the easterly side of west road adjoining the westerly side of the land occupied and owned by the plaintiffs.

The work done by the defendant in connection with the widening and raising of West Road prevented the water from flowing southerly in the "ditch" on the easterly side of West Road as it formerly did.

The defendant did the work in question under the provisions of **Section 1428, Revised Statutes 1930,** and claims that it has complied with the terms of that section and that it might, by reason of the provisions of that Section, lawfully drain the water on to the private land of the plaintiffs.

The Statute provides that the water may be drained "into or through any person's land so far as necessary to drain out such water."

The evidence discloses that it was not necessary to drain the water on to the plaintiff's land but that it could reasonably have been drained along the west side of West Road at an expenditure not to exceed $100.00.

The Statute further provides that "when it shall be necessary to make any drain" upon or through any person's land it shall be done in such way "as to do the least damage to such land."

It is evident that the permission to drain on to private land was carefully hedged about with restraining provisions so that unnecessary harm might not be done to the private owners.

"A municipal corporation has no right to collect surface water from adjoining lands and from its streets, into an artificial channel, and then discharge it upon the land of an adjoining proprietor."

**Salzman vs. New Haven, 81 Conn. 389 at 392.**

"The municipal immunity from liability for injuries from the maintenance and repair of highways, does not extend beyond the governmental duty imposed by the State."

**Rudnyai vs. Harwinton, 79 Conn. 91 at 95.**

"A municipal corporation is a person in law, capable of inflicting injury, and liable to suit by him who suffers them,

unless they flow from or are incident to the performance of a governmental duty."

**Judd, et al vs. Hartford, 72 Conn. 350.**

Upon the evidence it is apparent that, in turning the water upon the land occupied and owned by the plaintiffs, no real effort was made to do so, "in such way as to do the least damage to such land."

The occupier of the land, Mrs. Rambush, took the matter up with the representative of the State Highway Department and he, in turn, referred her to the Selectman of the Town of Salem.

Notwithstanding the repeated protests of Mrs. Rambush, no action was taken by the Town nor was any attempt made to divert the water from her land nor to confine it to its former channel.

In **Torrington vs. Messenger, et ux., 74 Conn. 321 at 324** our Supreme Court said: "We have, however, felt it our duty to sound a note of warning to anyone who may wish to avail himself of the powers conferred, or apparently conferred by this Statute, to be well advised that his action is such as is not forbidden by organic law" and further, at page 325, "it should be borne in mind also, in reading this Statute, that it is one in derogation of private rights, and therefore should be strictly construed against its grant of power."

The issues are found in favor of the plaintiffs and judgment may be entered for them to recover $500.00 damages and their costs from the defendant.