[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE REVISED SUBSTITUTE THIRD PARTY COMPLAINT
The plaintiffs, Safeco Insurance Company ("Safeco") and Kevin Arehart, filed a product liability claim against the defendant, Ford Products Corporation ("Ford"), on June 13, 1989. The complaint alleges that Ford negligently manufactured a water heater that was installed in the plaintiff Arehart's home and, as a result of such negligence, Arehart suffered property damage. The complaint further alleges that the plaintiff Safeco paid to its insured, Arehart, $68,636.57 for the damage sustained, and Safeco is entitled to subrogation for the amount paid.
On May 20, 1991, the court granted Ford's motion to implead Amodio Sons, Inc. ("Amodio") as a third party defendant. The revised substitute third party complaint, filed by Ford on January 9, 1992, alleges that any damage caused to the plaintiffs is due to the negligence of Amodio, entitling Ford to indemnification for any sums it may be obligated to pay as a result of the plaintiffs' complaint. On January 10, 1992, Amodio filed a motion to strike Ford's third party complaint, contending that the claim is barred by the limitation of action set forth in General Statutes 52-577a
CT Page 2501 and, in the alternative, the action is barred by General Statutes52-584.
On January 23, 1992, Ford filed its objection to the motion, contending that General Statutes 52-577a does not govern the defendant's action and further, application of General Statutes52-584 to the present case is unconstitutional.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of the pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). Thus, a motion to strike is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988). If the court determines that the pleading is legally insufficient, then the motion to strike should be granted. Amodio v. Cunningham, 182 Conn. 80, 82,438 A.2d 6 (1980).
In its motion to strike the third party complaint, Amodio claims that the statute of limitations set forth in General Statutes 52-577a bars the defendant's action. "While a motion to strike . . . is not the usual way to raise the defense of the statute of limitations, . . . when all the facts establishing the defense are apparent from a reading of the complaint . . ., the motion to strike is proper (cites omitted)." Allen v. Endrukaitis, 35 Conn. Sup. 286,288, 408 Ad. 673 (1979).
In the present case, the third party complaint alleges a common law action for indemnification based on negligence. The third party defendant contends that General Statutes 52-577a(b) governs the complaint, as it arises under the impleader provision of the Products Liability Act. Section 52-577a provides, in relevant part:
 (a) No product liability claim as defined in Section 52-527m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to (b) later than ten years from the date that the party last parted with possession or control of the product.
 (b) In any such action, a product seller may implead any third party who is or may be liable for all or part of the claimant's claim if such CT Page 2502 third-party defendant is served with the third-party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to the court. (Emphasis added).
The plaintiff's product liability action against the defendant bears a return date of July 25, 1989 and therefore, pursuant to General Statutes 52-577a(b), the defendant had one year from July 25, 1989 to serve the third party complaint upon Amodio. The summons accompanying the third party complaint is dated June 13, 1991, exceeding the one year limitation governing product liability actions.
The defendant contends, however, that General Statutes52-577a is inapplicable to the present case. The defendant argues that, since the action asserted against Amodio alleges common law indemnification, it falls outside the scope of the product liability statute. The defendant cites three cases, two of which do not specifically support its position. In Tie Communications, Inc. v. Greenwood Sprinklers, Inc., 3 CSCR 406, 407 (Mar. 16, 1988, McGrath, J.), the court held that when a common law indemnity action "is brought neither as an impleader nor under the products liability statute (emphasis added)," General Statutes52-577a(b) does not apply. That case involved a crossclaim for indemnification between co-defendants and did not address what limitation applied to an indemnification claim raised by impleader in the context of a product liability action. The defendant also cites Morneau v. Meriden-Wallingford Hospital, 2 CSCR 207, 208
(January 6, 1987, Arena J.). However, Morneau addressed only whether a common law claim for indemnification could be raised in a third party complaint in the context of a product liability action. Although the court did state that General Statutes 52-577a
does not apply to claims for common law indemnification arising out of a product liability action, it is not clear whether the court would have extended its holding to include the statute of limitations set forth under that section. Id. The limitation issue was not raised and the court's holding therefore does not address the problem presented in this case.
The final case cited by the defendant does support its position. In Onofrio v. Onofrio, 3 CSCR 803, 804 (September 21, 1988, Purtill, J.), the court did hold that summary judgment based on the statute of limitations is not appropriate where a common law indemnification claim is raised by impleader in a product liability action and the impleader occurs after the one year limitation set forth under General Statutes 52-577a(b). The court reasoned that 52-577a(b) does not apply to common law claims, but rather, is limited to product liability actions brought under the Product Liability Act. Id. CT Page 2503
All three cases cited by the defendant are decisions by various judges of the Superior Court. This court believes that a decision of the Supreme Court rendered subsequent to the cases cited, is determinative of the issue raised in this case.
In the case of Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), the Supreme Court recognized the application of General Statutes 52-577a to common law actions. In Malerba, supra, 193-94, the court compared the procedural rules governing contribution and indemnification pursuant to General Statutes52-102a and 52-577a(b). The court concluded that common law claims for contribution and indemnification are properly raised by impleader under 52-477a(b). Id., 195. The clear purpose of the impleader provision in General Statutes 52-577a(b), according to Malerba, supra, is to provide a right of indemnification in the same lawsuit for product sellers defending against product liability actions, by allowing the product seller to "implead any third party who is or may be liable for all or part of the claimant's claim, . . .". The statute then goes on to provide that the product seller has one year in which to file such impleader.
A plain reading of the statute requires that the limitation provision of General Statutes 52-577a(b) be applied in a way that gives reasonable effect to "the language, purpose and legislative history of the statute." Nickel Mine Brook Associates v. Sakal,217 Conn. 361, 364, 585 A.2d 1210 (1991). "`It is a well-settled principle of construction that specific terms governing the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling.'" Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588, 592,419 A.2d 333 (1979), quoting Charlton Press, Inc. v. Sullivan,153 Conn. 103, 110, 214 A.2d 354 (1965). It is clear to this court that the statute of limitations provided for by General Statutes52-577a(b) is not on its face limited to product liability causes of action: rather, the limitation applies to any impleader filed by a defendant product seller seeking indemnification or contribution from a third party. The only limitation on the application of 52-577a(b) is that the underlying action be a product liability claim, but there is no indication that the impleader action must sound in products liability. Therefore, the one year limitation of General Statutes 52-577a(b) applies to bar the third party complaint and the motion to strike is granted.
In view of the ruling with respect to the first ground urged by the third party defendant in support of the motion to strike, it is not necessary to discuss the alternative ground raised.
The motion to strike the revised substitute third party complaint is granted. CT Page 2504
HADDEN, JUDGE